■ IRA H. FUCHS et al., Respondents, v MiCAD SYSTEMS, INC., Appellant.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered May 7, 1987, which granted the motion of plaintiffs for summary judgment, is reversed, on the law, motion is denied, and judgment vacated, without costs.

Appeal from order of the same court and Justice, entered May 4, 1987, which denied the motion of defendant for renewal, is dismissed as moot, without costs.

On July 30, 1986, pursuant to an agreement of reorganization, DocuGraphix, Inc. (DocuGraphix) acquired MiCAD Systems, Inc. (MiCAD). While DocuGraphix is a California corporation, MiCAD is a New York corporation.

Prior to this acquisition, Mr. Ira Hayes Fuchs (Mr. Fuchs) was the president of MiCAD, and, after the acquisition, he continued in that post, until DocuGraphix terminated his employment on February 12, 1987 for alleged wrongdoing in office.

On the day following his dismissal, on February 13, 1987, Mr. Fuchs, together with Mr. Allen Hillman (Mr. Hillman), who is Mr. Fuch's father-in-law, through counsel, presented to MiCAD four promissory notes, which totaled $61,000, and demanded repayment.

When MiCAD refused payment, Messrs. Fuchs and Hillman (plaintiffs) commenced action, by means of notice of motion for summary judgment in lieu of complaint (CPLR 3213), against MiCAD (defendant) for repayment of the subject notes. The notice of motion is dated February 16, 1987, and attached to it are copies of the notes.

Examination of these notes indicates, in substance, as follows: one note, dated May 22, 1986, in the amount of $6,000, is drawn to the order of Mr. Fuchs; the other three notes, all dated May 30, 1986, which are in the amounts of $20,000, $20,000, and $15,000, respectively, are drawn to the order of Mr. Hillman; while the note to Mr. Fuchs was executed on behalf of MiCAD by Mr. Stanleigh Morris (Mr. Morris), who

was executive vice-president of MiCAD, the three notes to Mr. Hillman were executed on behalf of MiCAD by Mr. Fuchs, in his capacity as president of MiCAD; and, all four notes recite that they were issued "FOR VALUE RECEIVED."

Based principally on an affidavit, dated March 12, 1987, and executed in California, by Mr. D. R. Taylor (Mr. Taylor), MiCAD opposed the motion. Mr. Taylor, who is the present chief executive officer of MiCAD, and the president and chief executive officer of DocuGraphix, contends in his affidavit, in substance, the notes may be fraudulent, and all of the facts underlying the making of those notes are in the sole possession of the plaintiffs, since, *inter alia,* Mr. Taylor's personal examination of MiCAD's records does not reflect that plaintiffs gave any consideration for the notes.

In reply to the affidavit of Mr. Taylor, the plaintiffs submitted the affidavit of Mr. Morris, who, as mentioned *supra,* was executive vice-president of MiCAD when Mr. Fuchs was president, and who still is a vice-president of MiCAD. Mr. Morris states in his affidavit, in pertinent part, that "I know from personal knowledge that [plaintiffs] loaned MiCAD the monies set forth in those notes and were *[sic]* reflected on the books of MiCAD".

Thereafter, the IAS court granted the plaintiffs' motion for summary judgment; and, subsequently, denied defendant's motion for renewal.

After our review of the record, we find that the IAS court erred in granting summary judgment.

We held in *Simpson v Term Indus.* (126 AD2d 484, 487 [1st Dept 1987]) that "[b]earing in mind the function of the court [is] issue finding, not issue determination *(Cruz v American Export Lines,* 67 NY2d 1, 13; *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404), summary judgment [is] inappropriate * * * where there is any doubt as to the existence of a triable issue *(Moskowitz v Garlock,* 23 AD2d 943, 944), or where the issue is even arguable *(Barrett v Jacobs,* 255 NY 520, 522), since [summary judgment] serves to deprive a party of his day in court".

Our search of this record indicates that there are material triable issues of fact, such as: are the notes fraudulent, and is there any documentary evidence that reflects that the plaintiffs gave any consideration for the notes? We decided in *Fopeco, Inc. v General Coatings Technologies* (107 AD2d 609, 610 [1st Dept 1985]) that the "lack of consideration is a perfectly viable defense * * * [to] defeat * * * summary judgment".

Furthermore, the record clearly indicates that the plaintiffs are in the sole possession of all of the facts underlying the making of these notes, such as: the notes, as mentioned *supra,* are dated prior to DocuGraphix' acquisition of MiCAD; none of MiCAD's management, which took office after the acquisition, has any knowledge regarding the circumstances of the issuance of these notes; the records of MiCAD do not, as mentioned *supra,* contain evidence that plaintiffs gave any consideration for the notes; and, while such consideration might not be necessary to validate the notes, it would at least authenticate them; and, the only persons with personal knowledge of the creation of the notes are Messrs. Fuchs, Hillman, and Morris, and, Mr. Morris, who as mentioned *supra,* is still employed by MiCAD, has refused to speak about the notes to counsel for defendant MiCAD, upon the advice of his own counsel "who is [also] attorney for the plaintiffs [Messrs. Fuchs and Hillman]". We held in *Integrated Logistics Consultants v Fidata Corp.* (131 AD2d 338, 340 [1st Dept 1987]) that a motion for summary judgment should be denied "where, as here, there are salient facts within the knowledge and control of the movant [plaintiffs] which may be revealed through pretrial disclosure proceedings".

Our dissenting colleague, in substance, contends that the fact that defendant had knowledge of the existence of the notes, when it was acquired, justifies the granting of plaintiffs' motion for summary judgment. We disagree. Based upon our examination of the record, we find that this single fact of defendant's knowledge of the existence of the notes does not resolve the material triable issues of fact, which we discussed *supra,* since there is no evidence that, at the time of acquisition, defendant had any knowledge of the circumstances concerning the creation of the notes.

Accordingly, we reverse, and deny the motion for summary judgment. Concur—Ross, Kassal and Rosenberger, JJ.

Kupferman, J. P., and Ellerin, J., dissent in part in a memorandum by Ellerin, J., as follows: The defenses raised in opposition to this motion for summary judgment in lieu of complaint are insufficient to establish any genuine reason to deny the motion.

The promissory notes here at issue were issued by MiCAD Systems, Inc. to the individual plaintiffs in May 1986. One note is dated May 22, 1986, and is payable to Ira Hayes Fuchs in the amount of $6,000 on August 15, 1986. Three notes, two in the amount of $20,000 each and one in the amount of

$15,000, are dated May 30, 1986 and payable to Allen Hillman on various dates between August 15, 1986 and October 15, 1986.

Pursuant to a merger agreement and plan of reorganization dated July 18, 1986, two months after execution of the notes, DocuGraphix, Inc. acquired MiCAD Systems. Under the express terms of the contract, DocuGraphix expressly acknowledged its indebtedness to the plaintiffs with respect to these very promissory notes. Article III of the contract, together with an attached "exception schedule", sets forth extensive disclosure of the finances of MiCAD. Among the other liabilities disclosed, the contract specifically states, in its exhibit C, section 3.4, that: "MiCAD is indebted to the following individuals under outstanding promissory notes: Allen Hillman, $55,000, due August 15, 1986-October 15, 1986; Ira Hayes Fuchs, $5,000 due August 15, 1986 and $6,000 due monthly".

As the IAS court noted, "it is evident that plaintiffs and Mr. Taylor, the Chief Executive Officer and MiCAD, Inc., are capable professional businessmen who were ably assisted by attorneys and accountants at the time of the corporate organization between DocuGraphix and MiCAD Systems, Inc. [The Agreement] expressly noted the existence of the promissory notes at issue which were duly disclosed and made a part of the merger agreement. Therefore, for defendant to raise an argument which suggests the spectre of fraud perpetrated by plaintiffs upon defendant appears to be nothing more than a frivolous attempt by defendant to raise a non-existent triable issue to defeat plaintiffs' claims."

The affidavit of Mr. Taylor in opposition to the motion, which is given great deference by the majority, contains nothing more than conclusory allegations of fraud and lack of consideration, without the slightest factual support and is of no probative value. The promissory notes state their consideration "for value received" and are presumptively valid. In opposing plaintiffs' motion for summary judgment, it was incumbent upon the defendant to do more than merely raise an issue of consideration. It was essential for the defendant in claiming the absence of consideration, to state its version of the facts in evidentiary form. Bald, conclusory allegations, even if believable, are not enough. *(Ehrlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255; *see also, P. D. J. Corp. v Bansh Props.,* 29 AD2d 927, *affd* 23 NY2d 971.) Taylor's claims of lack of consideration consist of nothing more than bare statements that he "doesn't know" or "has not yet found evidence" of any consideration for the notes, but

he does not set forth any particular evidence to raise a triable issue of fact as to consideration.

Nor is there merit to defendant's assertion that summary judgment should be denied because only the movants possess knowledge of the facts. Summary judgment should be denied on this ground only if the *salient* facts *essential* to justify opposition are unavailable. (CPLR 3212 [f].)

Here, the record does not bear out the assertion that the salient facts were unavailable to the defendant. When the agreement was negotiated DocuGraphix had a chance to question the notes but did not. DocuGraphix admits that it knew of these notes before it acquired MiCAD Systems. The debt was specifically acknowledged in the "exception schedule" of the agreement, and DocuGraphix agreed to pay this obligation and went ahead with the purchase. The purchase price reflected these obligations. Defendant cannot ignore its knowledge of the notes in this freely negotiated agreement and now seeks to hide behind the claims that the facts are available only to the plaintiffs.

Finally, the alleged issue of fraud has no place in this motion relating to the notes. The Taylor affidavit contains a litany of charges of fraudulent conduct supposedly committed by the plaintiffs, but these conclusory assertions all relate to the alleged wrongdoing of Fuchs in his conduct of MiCAD's business. None of these alleged frauds relate to the promissory notes here in issue. In fact, none relate to Mr. Hillman, the payee of three of the notes. These allegations, if proven, may form the basis for certain counterclaims, but should not prevent independent summary judgment on the notes, and are more appropriately the subject of other litigation already pending between the parties.

During oral argument of the appeal, counsel for the plaintiffs admitted that through his inadvertence he submitted duplicate copies of one $20,000 note payable to Hillman, instead of the two separate notes in that amount. As an appellate court we are bound by the record, and judgment on the duplicate note submitted on the motion cannot stand. Accordingly, I would reverse to deny judgment on the $20,000 duplicate note, but otherwise affirm the grant of summary judgment in lieu of complaint on the remaining promissory notes.