■ BRUCE J. FOGEL et al., Appellants, v HERTZ INTERNATIONAL, LTD., et al., Respondents, et al., Defendant.—Order, Supreme Court, New York County (Bruce Wright, J.), entered March 9, 1987, which granted defendants-respondents' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, the motion denied, and the complaint reinstated, with costs.

These are consolidated actions brought by Bruce and Marsha Fogel and Edward and Judith Karlik against Hertz International, Ltd. and The Hertz Corporation (collectively Hertz defendants) to recover for personal injuries and derivative claims arising from an August 2, 1983 automobile accident which occurred near Florence, Italy. The Fogels have also commenced suit against Edward Karlik, who was driving the automobile in which they were injured, and the Hertz defendants have cross-claimed against Karlik, as well.

As part of the plan for a joint vacation in Italy by the Fogels and Karliks, Edward Karlik arranged, sometime prior to departure, to rent a car from Hertz, after having seen advertisements announcing a "Hertz-affordable Europe" on television and in newspapers and magazines. The ads, which touted Hertz' low prices ("By day, Hertz is offering low rental rates [And even lower ones when you rent for twenty-two days or more]") and offered incentives ("[R]enting from Hertz also gets you terrific rates at 3,300 fine European hotels * * * And up to 2,000 miles on your Pan Am and TWA frequent flyer programs"), provided an "800" telephone number for details and reservations. Edward Karlik called the number, which was located at a base in Oklahoma City, Oklahoma, and, using a credit card, leased a car.

Upon arriving at the Rome airport on July 30, 1983, Karlik proceeded to a counter bearing the Hertz logo, which was staffed by personnel in the usual Hertz uniforms. There, his

confirmed reservation was verified and he was presented with a computerized rental agreement which had the Hertz name in its upper-left-hand corner, printed in its familiar slanted typography. The agreement had already been partially filled out with Karlik's name and address and, pursuant thereto, Karlik took possession of the Fiat which was involved in the accident. At some unspecified point, Karlik also received an invoice with the Hertz name on its upper-left-hand corner and, in smaller print, the name "Hertz Italiana S.p.A." (Hertz Italiana).

In moving for summary judgment below, the Hertz defendants argued that the vehicle was not owned by either Hertz International, Ltd. or The Hertz Corporation, but, rather, by Hertz Italiana. The court below granted the motion on the ground that Hertz Italiana has a separate corporate structure from that of the Hertz defendants. This was error, for there exist several issues of fact which preclude summary judgment.

Among the factual issues presented are whether the nature and content of the advertisements placed by the Hertz defendants to encourage Americans to rent automobiles in Europe were such as to constitute a holding out to the public which would estop them from disclaiming responsibility for Hertz Italiana's negligence. *(See, Ruane v Cooper,* 127 AD2d 524.) Further material issues of fact are whether the Hertz defendants acted in good faith in their advertising campaign, and whether the plaintiffs justifiably relied upon the information provided in the several advertisements. *(See, Winslow v Norstar Bank,* 127 AD2d 759.)

The matter before us also raises triable issues with respect to the nature of the relationship between the Hertz defendants and Hertz Italiana. For example, where, as here, the circumstances raise the possibility of a principal-agent relationship but " 'no written authority of the agent has been proven, questions of agency and of its nature and scope * * * are questions of fact to be submitted to the jury under proper instructions by the court' " *(Garcia v Herald Tribune Fresh Air Fund,* 51 AD2d 897; *see also, Gizzi v Texaco, Inc.,* 437 F2d 308 [3d Cir 1970], *cert denied* 404 US 829 [1971], where it was held that apparent authority and agency by estoppel could be established by a principal's signs or advertisements, and that evidence of apparent authority required jury resolution).

If it is found that there exists an apparent or ostensible agency between the Hertz defendants and Hertz Italiana, this may serve as a basis for vicarious liability on the part of the

Hertz defendants. *(Hill v St. Clare's Hosp.,* 67 NY2d 72, 79.) We note, in this regard, that Hertz International owns 75% of Hertz Italiana stock and shares a common board member with Hertz Italiana, and that the agreement between Hertz Italiana and Hertz International requires that Hertz Italiana name the Hertz defendants as additional insureds on all insurance policies and, further, that it hold the Hertz defendants harmless and indemnify and defend them against any and all claims, actions or damages arising out of its car rental business. Thus, this agreement raises questions regarding the degree of control exercised by Hertz International over Hertz Italiana which preclude summary judgment. *(See, Drexel v Union Prescription Centers,* 582 F2d 781 [3d Cir 1978].)

In short, there are several triable issues of fact in this case. As repeatedly held, the court's function in a motion for summary judgment is issue finding, not issue determination *(Cruz v American Export Lines,* 67 NY2d 1, 13; *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404), and this relief is inappropriate even where the issue is merely arguable, since it serves to deprive a party of his day in court. *(Fuchs v MiCAD Sys.,* 138 AD2d 312; *Barrett v Jacobs,* 255 NY 520, 522.)

Accordingly, the order of the court below is reserved, the motion for summary judgment denied, and the complaint reinstated. Concur—Sandler, J. P., Kassal, Ellerin, Wallach and Smith, JJ.