■ HENRY KRONENGOLD et al., Respondents, v HILTON HOTELS CORPORATION, Sued Herein as MIAMI AIRPORT HILTON,

Appellant.—Order, Supreme Court, New York County (Diane A. Lebedeff, J.), entered November 14, 1989, denying defendant's motion to dismiss the complaint pursuant to CPLR 327 (a), unanimously affirmed, with costs.

Plaintiffs, New York residents, were injured during the course of a robbery which took place in the parking lot of defendant's Miami Airport Hilton Hotel. Defendant has moved to dismiss plaintiffs' complaint upon the ground of forum non conveniens pursuant to CPLR 327 (a).

Plaintiffs Henry and Sylvia Kronengold are both over 80 years of age and it is alleged that they are now both under the care and supervision of physicians, all of whom reside in New York City. Plaintiff Barbara Kronengold, also a resident of New York County, purportedly operates her own travel agency which it is claimed cannot function in her absence. Defendant, on the other hand, is a multinational corporation and does not dispute that it has substantial contacts with New York and that it advertises and solicits New York residents to visit its Miami Airport Hilton Hotel. Plaintiffs have identified the names and addresses of five physicians, who they aver will testify regarding the medical conditions of plaintiffs both prior to and subsequent to the robbery. Accordingly, it has been demonstrated that the action has a substantial nexus to New York and that defendant carries a more onerous burden of proof to divest the resident plaintiffs of their chosen forum. *(See, Highgate Pictures v De Paul,* 153 AD2d 126, 129.)

The fact that defendant has offered a list of nonparty witnesses in support of its motion to dismiss plaintiffs' complaint does not compel the conclusion that New York would be an inconvenient forum and that Dade County, Florida, would best serve the ends of justice and the convenience of the parties. *(See, Silver v Great Am. Ins. Co.,* 29 NY2d 356, 361.) A number of the witnesses are present or former employees of defendant, and there is no indication that such persons are not still within defendant's control or would be unwilling to testify on defendant's behalf absent court-ordered subpoena. The remaining persons on defendant's list are experts or persons who would testify with respect to statements made by plaintiff and subscribed to as part of official records and documentation of the event which could be introduced into evidence in New York at the time of the action. Nor are we persuaded by defendant's argument, as conceded by plaintiffs, that Florida law would apply under the doctrine of lex loci delictus. The application of Florida law with respect to defendant's duty of care would not unduly burden the New York

courts and does not require dismissal. *(See, Banco Ambrosiano v Artoc Bank & Trust,* 62 NY2d 65, 74.) Concur—Sullivan, J. P., Ross, Rosenberger, Kassal and Wallach, JJ.