■ DOROTHY FRIED, Individually and as Administratrix of the Estate of ANDREW FRIED, Deceased, Respondent, v ALEXANDER SEIPPEL, Respondent, and AVIS RENT-A-CAR SYSTEM, INC., et al., Appellants.—Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered August 2, 1990, which denied defendants' motion for reargument and renewal and adhered to its original decision entered January 10, 1990, denying defendants' motion for summary judgment, unanimously modified, on the law, the motion is granted to the extent of dismissing plaintiff's individual cause of action, and otherwise affirmed, without costs. The appeal from the Order of January 10, 1990, is dismissed as superseded, without costs.

Plaintiff's decedent, Andrew Fried, was killed, and defendant Seippel was injured, in a motor vehicle accident in Jamaica, West Indies.

The vehicle was leased from West Indies Car Rental (WICR), nominally a licensee of defendant Avis Rent-A-Car System, Inc. (Avis). Summary judgment in favor of defendant Avis was properly denied, as issues of fact exist as to whether Avis, although not the owner of the vehicle, is precluded, by virtue of its relationship with defendant WICR, from disclaiming liability. *(See, Fogel v Hertz Intl.,* 141 AD2d 375.)

We further note that since a wrongful death action may only be brought by the administrator of the decedent *(Bonilla v Abbott,* 113 AD2d 861, 862), plaintiff's "individual" cause of action must be dismissed. Concur—Carro, J. P., Ellerin, Wallach, Kupferman and Rubin, JJ.