■ ALLAYNE K. BERKROT et al., Appellants-Respondents, v NATIONAL CAR RENTAL et al., Respondents-Appellants.—Order of the Supreme Court, New York County (Shirley Fingerhood, J.), entered April 4, 1990, which denied the motion of defendant National Car Rental for summary judgment and conditionally granted the motion of all defendants to dismiss the action on the grounds of *forum non conveniens,* modified, upon

the law, the facts and in the exercise of discretion, to the extent of denying the motion to dismiss on the grounds of *forum non conveniens,* and otherwise affirmed, without costs.

This action arises out of a motor vehicle accident which occurred on March 30, 1985 in Jamaica, West Indies. Plaintiff Allayne Berkrot was a passenger in a rental vehicle being operated by Catherine Kalmanoff. Said driver Kalmanoff died as a result of the accident. Berkrot is seeking damages for her injuries and her husband, plaintiff Mervin Berkrot, is suing for loss of services. Defendant Herbert Kalmanoff is a physician and the husband of the decedent. The vehicle had been leased by Herbert Kalmanoff from Green Light Car Rental ("Green Light"), a West Indies company, and licensee of National Car Rental Systems International ("National-International"). National-International is a licensee of defendant National Car Rental ("NCR"). NCR is a Delaware corporation doing business in the State of New York. The Berkrots and Kalmanoff are long-time friends and New York residents. The driver of the other vehicle involved is a Jamaican resident, as is the owner of that vehicle. These individuals, as well as National-International and Green Light, are not parties to this litigation.

Plaintiffs contend that NCR and Kalmanoff were negligent in the ownership, operation and maintenance of the rental vehicle. As to NCR, it is alleged, *inter alia,* that Green Light was one of NCR's world-wide rental outlets, which Herbert Kalmanoff believed was owned and operated by NCR, and that its relationship with Green Light was such that it cannot disclaim liability herein. With respect to Kalmanoff, it is alleged, *inter alia,* that his wife was under his medical care, that he knew or should have known that she was unable to operate a vehicle safely, and that nevertheless he permitted plaintiff Allayne Berkrot to be a passenger in a vehicle operated by his wife. As such, it is alleged there existed a special relationship creating a duty owed by Kalmanoff to the plaintiffs.

Discovery in this action has consisted of two bills of particulars and an answer to combined demands. No depositions have been held.

NCR sought summary judgment on the grounds that Green Light was the owner of the rental vehicle and that neither National-International nor NCR controlled Green Light. In the alternative, NCR argued for dismissal on grounds of *forum non conveniens,* asserting that Jamaica was the appropriate forum.

The IAS court denied the motion for summary judgment and conditionally granted dismissal on the grounds of *forum non conveniens.* We find that the IAS court abused its discretion in dismissing on grounds of *forum non conveniens* and modify its order to that extent only.

This litigation has a substantial nexus to New York. The parties and several non-party witnesses are resident in this State. *(See,* CPLR 327 [a]; *Silver v Great Am. Ins. Co.,* 29 NY2d 356 [1972].) The plaintiff's physicians, for the most part, are in New York. Consequently, we are not persuaded that defendants have carried their "onerous burden of proof" that proceeding with this litigation in New York would be inconvenient or that trial in Jamaica would best serve the ends of justice. *(Kronengold v Hilton Hotels Corp.,* 166 AD2d 325, 326 [1990]; *Sullivan v McNicholas Transfer Co.,* 93 AD2d 527 [1983].)

We affirm the denial of summary judgment in favor of NCR because factual issues exist with respect to its relationship with Green Light. *(See, Fogel v Hertz Intl.,* 141 AD2d 375 [1988]; *Fried v Seippel,* 170 AD2d 303 [1991].) Specifically, a NCR logo appears on the rental agreement between Green Light and Kalmanoff. It is alleged that Kalmanoff initiated the arrangements which culminated in the rental by calling a NCR telephone number. The license agreement between Green Light and National-International, *inter alia,* (1) identifies National-International as a licensee of NCR (preamble), (2) requires Green Light to obtain insurance coverage to protect NCR and National-International (para 2.06), and (3) requires Green Light to indemnify and hold NCR and National-International harmless from any claims arising out of its business (para 2.19). The license agreement also requires Green Light, *inter alia,* to provide National-International with "vehicle and system reports, and such further information relating to [its] Vehicle Renting Business carried on under this License" (para 2.09), to conduct its business in accord with policies and procedures set forth by National-International (para 2.07), to use current model vehicles (para 2.08), and to grant access to its records at any time to National-International (para 2.10).*

Finally, we also find that the complaint together with the bills of particulars and the plaintiffs' affidavits sufficiently indicate that factual issues exist as to the possible special relationship and duty owed by defendant Kalmanoff to plain-

---

* Significantly, the license agreement between NCR and National-International is not contained in this record.

tiffs *(see, Purdy v Public Adm'r of County of Westchester,* 72 NY2d 1 [1988]). Concur—Rosenberger, Wallach, Kupferman and Smith, JJ.

Sullivan, J. P., concurs in part and dissents in part in a memorandum as follows: While I concur in the reversal on the issue of *forum non conveniens,* I disagree with the majority's conclusion that there are factual issues with respect to NCR's relationship with Green Light. Accordingly, I would also grant summary judgment dismissing the complaint as against NCR.

The majority relies primarily on the licensing agreement between National Car Rental Systems International (National-International), which has been licensed and franchised by NCR to conduct a vehicle renting business, and Green Light. The only provisions of this agreement which arguably establish a nexus between NCR and Green Light relate to Green Light's obligations with respect to insurance and indemnification. NCR is not even a party to the agreement. In any event, it can hardly be said that these requirements form the basis of an agency relationship, or that such a relationship is created by the agreement alone.

The majority also refers to the fact that a NCR logo appears on the rental agreement between Green Light and Kalmanoff. This is of no legal significance. While the licensing agreement requires National-International to make available its signs, letterheads and standard rental agreements to Green Light and permits Green Light to use the National Car Rental name, Green Light is required to follow such name by the word "licensee".

Nor is a question of fact created by Kalmanoff's statement that he "made a telephone reservation [for the vehicle involved in the accident] through [NCR] by dialing a number listed in the telephone directory". Such an ambiguity-laden statement is probative of nothing. What is significant is Kalmanoff's failure to state that the telephone number was listed in NCR's name. Thus, there is no evidentiary basis for his conclusion that he made the reservation "through" NCR; indeed, that is precisely the issue in dispute. In sum, the circumstances upon which the majority relies, at best, suggest only the most tenuous of connections between the two entities and are insufficient to defeat summary judgment.

The majority's reliance on *Fried v Seippel* (170 AD2d 303) and *Fogel v Hertz Intl.* (141 AD2d 375), cited by *Fried,* is misplaced. First of all, the defendant in *Fogel* was the licensor of the entity which rented the vehicle involved in the acci-

dent, rather than a licensor of another entity that in turn licensed the entity which rented the vehicle, as is the case here. Moreover, the licensor in *Fogel* owned 75% of the licensee's stock and they shared a common board member. There is no evidence in this record of such a relationship, nor indeed any relationship between NCR and Green Light.