■ CLEMENTE G. MUNOZ, Respondent, v AMERICAN PACIFIC MINING, NEW YORK, INC., et al., Appellants.—Order, Supreme Court, New York County (Harold Tompkins, J.), entered November 13, 1990, which denied defendants' motion to dismiss on lack of jurisdiction and *forum non conveniens* grounds, without prejudice to renewal and order of the same court, entered April 10, 1991, which, *inter alia,* denied defendants' renewal cross-motion to dismiss on *forum non conveniens* grounds, unanimously affirmed, with costs.

This personal injury action arises out of an incident in which plaintiff lost both his legs while working in a mine owned by defendants. The mine is located in Honduras. Plaintiff instituted this personal injury action in Manhattan and defendants moved to dismiss for lack of jurisdiction and *forum non conveniens.* The IAS court denied defendants' motion and renewal cross-motion since plaintiff's submissions demonstrated that defendants had their principal offices in New York. As to the *forum non conveniens* grounds, the IAS court

determined that defendants failed to adequately demonstrate inconvenience in litigating in New York.

Under the circumstances, we do not find that the IAS court abused its discretion in denying defendants' motion. In determining an application for *forum non conveniens* the court must consider and balance a variety of factors. *(See, Islamic Republic v Pahlavi,* 62 NY2d 474, 479.) Furthermore, under article 690 of the Honduras Labor Law a plaintiff injured by a foreign corporation doing business in Honduras may initiate an action in the jurisdiction where the company is located or in Honduras, at the option of the injured party. The evidence demonstrates that while the incident occurred in Honduras, there would be little burden on the New York Courts in litigating the action here. *(Supra.)* The fact that most of defendants' witnesses are employees of defendants demonstrates that there would be little inconvenience imposed on defendants in obtaining meaningful testimony. *(See, e.g., Kronengold v Hilton Hotels Corp.,* 166 AD2d 325, 326.) Also, as Honduras Law apparently does not permit contingent fee arrangements, plaintiff, under the circumstances would likely be economically precluded from pursuing this action in Honduras. *(See, e.g., Corines v Dobson,* 135 AD2d 390, 393.)

On balance of all the relevant factors, it is clear that a sufficient nexus exists for this action to be tried in New York and that defendants have not met their burden to the contrary. Concur—Sullivan, J. P., Milonas, Wallach and Kassal, JJ.