OPINION OF THE COURT
Beatrice Shainswit, J.
Plaintiff, a Singapore corporation with an office in New York, sues defendant, an Italian bank, based on a letter of credit issued by defendant. According to the complaint, defendant opened the letter of credit account on October 9, 1992 in the amount of $237,007.50. The terms of the letter required defendant to pay, at sight, in one or more drawings, specified amounts to plaintiff or to its assignees. Subsequent amendments to the letter changed certain bill of lading requirements, but otherwise left the terms and conditions of the letter unchanged. Between March 8, 1993 and April 20, 1993, plaintiff attempted seven separate drawings against the letter, totalling $148,211.40. Defendant refused payment each time.
Defendant now moves to dismiss the complaint based on forum non conveniens. Plaintiff cross-moves for entry of a default judgment.
In support of its motion, defendant contends that none of the parties participating in this letter of credit arrangement have any connection with New York. The issuing bank is an Italian branch of defendant Crédito Italiano; the applicant is an Italian company; the beneficiary is plaintiff, a corporation based in Singapore; and the advising bank (to which the beneficiary submits its request for payment) is located in Hong Kong. Furthermore, defendant contends that the sale of goods contract, which gave rise to this letter of credit arrangement, was between the applicant in Italy and the beneficiary in Singapore. Since all of the events occurred, and all of the participants are located, outside New York, and since all of defendant’s witnesses are located in Italy, defendant argues the action should be dismissed on forum non conveniens grounds.
Plaintiff, in opposition, does not dispute the essential elements of defendant’s contentions. However, it cites other factors which, it contends, form the basis for retention of the action. First, it notes that plaintiff, a foreign corporation, has *919 standing to maintain this action in New York against defendant, a foreign bank which does business in New York, under the specific provision of Banking Law § 200-b (2) (e). Second, it submits documents showing that the contractual arrangement between plaintiff beneficiary and defendant issuing bank mandated payment in United States dollars, which would be reimbursed through a New York City branch of the Bank of New York. Third, the dispute will not involve any application of foreign law; rather, the letter of credit provides it is subject to the Uniform Custom and Practice for Documentary Credits, issued by the International Chamber of Commerce in 1983.
CPLR 327 (a) allows a court discretionary power to dismiss an action "[w]hen the court finds that in the interest of substantial justice the action should be heard in another forum”. The analysis turns on "considerations of justice, fairness and convenience and not solely on the residence of one of the parties.” (Silver v Great Am. Ins. Co., 29 NY2d 356, 361 [1972].)
In this case, the compelling considerations are: the standing accorded parties such as plaintiff by the Banking Law; the role of New York banks in the payments to be made under the letter of credit; and the absence of any choice of law issue regarding the applicable law. While none of these factors, by itself, would warrant retention of the action (see, e.g., Peter Lisec Glastechnische Industrie GmbH v Lenhardt Maschinenbau GmbH, 173 AD2d 70 [1st Dept 1991]), all of them, taken together, provide sufficient basis to retain the action.
The court notes that where the action is, as here, commercial in nature, dismissal based on choice of forum should rarely be granted unless the balance is strongly in favor of defendant (Gulf Oil Corp. v Gilbert, 330 US 501 [1947]; Bata v Bata, 304 NY 51 [1952]).
Defendant’s countervailing arguments do not disturb the exercise of discretion. Its attempt to frame this action as one completely devoid of any connection to New York is amply rebutted by plaintiff’s documentary showing of seven requests of payment through a New York bank. Its claim of inconvenience for its employee witnesses is not a factor to be considered on a forum non conveniens motion (Munoz v American Pac. Min., N. Y., 176 AD2d 624 [1st Dept 1991]).
Since the factors set forth by defendant are insufficient to overcome the nexus of this action to New York (see, Temple v Temple, 97 AD2d 757 [2d Dept 1983]), the motion is denied.
*920 In support of the cross motion for a default, plaintiff argues that a motion based on forum non conveniens (CPLR 327) does not extend a defendant’s time to answer, as does a motion under CPLR 3211. Defendant, however, filed its motion a short time after being served with the complaint, and plaintiff has not demonstrated any prejudice caused by this slight delay. On this record, and based on the strong public policy favoring a disposition of actions on the merits, the cross motion is denied. Defendant is directed to serve an answer within 10 days after service of a copy of this order with notice of entry.