■ CLEMENTE G. MUNOZ, Appellant-Respondent, v AMERICAN PACIFIC MINING, NEW YORK, INC., et al., Respondents-Appellants. [695 NYS2d 327] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered April 21, 1998, which, in an action for personal injury arising out of an accident in

Honduras, *inter alia*, found that a Honduran court would award plaintiff only economic loss and then only upon a showing of gross negligence, and denied defendants' motion to dismiss the complaint for lack of jurisdiction, unanimously affirmed, without costs.

Inasmuch as the appeal is from an order determining the substance of Honduran law, and not from a previous order, never appealed, holding that Honduran law governs all of the substantive issues herein, the applicability of Honduran law is not properly before this Court, although we note its likely applicability (*see, Padula v Lilarn Props. Corp.*, 84 NY2d 519, 521; *Cooney v Osgood Mach.*, 81 NY2d 66, 72-74). We agree with the IAS Court's interpretation of Honduran law, and its finding that it does not offend New York public policy. There is no merit to defendants' contention that the denial of their prior motion to dismiss for lack of jurisdiction is not law of the case in view of this Court's earlier decision in *Munoz v American Pac. Min.* (176 AD2d 624). Concur—Sullivan, J. P., Williams, Wallach and Friedman, JJ.