■ JOHN P. BOSTANY, Respondent, v TRUMP ORGANIZATION LLC, Appellants. [901 NYS2d 207]—

Order, Supreme Court, New York County (Milton A. Tingling,

J.), entered May 28, 2009, which, inter alia, denied defendants' motion to dismiss the entire complaint as against defendant Trump Organization and all but count XIII of the complaint as against defendant 40 Wall Street, unanimously modified, on the law, counts I, II and IV dismissed as against both defendants, and otherwise affirmed, with costs.

"[W]here, as here, the circumstances raise the possibility of a principal-agent relationship but no written authority of the agent has been proven, questions of agency and of its nature and scope . . . are questions of fact" (*see Fogel v Hertz Intl.*, 141 AD2d 375, 376 [1988] [internal quotation marks and citations omitted]). The record shows, inter alia, that the premises was called "The Trump Building," that plaintiff was induced to sign the lease by an executive vice-president of defendant Trump Organization, that the lease was signed by Donald Trump (albeit on behalf of 40 Wall), at defendants' executive offices in Trump Tower on 5th Avenue, that employees of defendant Trump Organization dealt directly with plaintiff and contractors regarding issues affecting the premises, such as repairs and maintenance, and that the executive vice-president with whom plaintiff dealt authorized dispossess proceedings on Trump Organization letterhead. "If it is found that there exists an apparent or ostensible agency" between Trump Organization and 40 Wall, "this may serve as a basis for vicarious liability" on the part of Trump Organization (*id.* at 376-377, citing *Hill v St. Clare's Hosp.*, 67 NY2d 72, 79 [1986]). It certainly may be found, on this record, that the acts of the putative principal, Trump Organization, constitute a "holding out" to plaintiff and the public which would estop Trump Organization from disclaiming responsibility for the agent's torts (*see Fogel v Hertz Intl.*, 141 AD2d 375 [1988], *supra*). Thus, dismissal of all claims against Trump, as defendant Trump advocates on appeal, is not warranted. However, since Trump's liability is predicated on a theory of apparent or ostensible agency, it is entitled to the benefit of the settlement agreements entered into by plaintiff and defendant 40 Wall, to the extent such agreements serve as a bar to plaintiff's claims.

Since plaintiff alleges he was fraudulently induced to sign the October 6, 2004 lease based on conduct occurring prior to July 5, 2005, the cause of action for fraud (count I) against both defendants should have been dismissed as barred by the July 5, 2005 settlement agreement.

The third (unjust enrichment), fifth (breach of lease), sixth (restitution), seventh (partial constructive eviction), eighth (partial actual eviction), ninth (breach of covenant of quiet

enjoyment), tenth (loss of business), eleventh (negligence for mold), twelfth (indemnification) and fourteenth (declaratory judgment) causes of action against both defendants are barred under the settlement agreements to the extent they seek damages relating to incidents occurring prior to July 5, 2005, or relating to plaintiff's purported inability to use any portion of the subject premises prior to the settlement agreement of April 2, 2007. The claims are not barred to the extent plaintiff seeks damages broader than a mere loss of space (such as for damages to computers, important papers, etc.) occurring after July 5, 2005, or for damages relating to plaintiff's inability to use any portion of the subject premises after April 2, 2007.

Defendants established their entitlement to dismissal of the claim for negligent misrepresentation (count IV) since defendants were nonprofessionals who negotiated an arm's length commercial contract with plaintiff and had no special relationship with him (*Parisi v Metroflag Polo, LLC*, 51 AD3d 424 [2008]). Defendants also established entitlement to summary dismissal of the claim for breach of implied duty of good faith and fair dealing (count II) on the ground of redundancy. Such a claim cannot be maintained where, as here, the alleged breach is "intrinsically tied to the damages allegedly resulting from a breach of the contract" (*Canstar v Jones Constr. Co.*, 212 AD2d 452, 453 [1995]). Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Manzanet-Daniels and Román, JJ.