■ TADCO Construction Corp., Appellant, v Dormitory Authority of the State of New York, Respondent. [941 NYS2d 102]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered October 15, 2010, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the first, second, fourth, fifth,

eighth and tenth causes of action, unanimously affirmed, without costs.

Defendant established prima facie that plaintiff's alleged extra concrete restoration work was within the stipulated allowances of the parties' contract, by submitting the contract, which authorized the architect to determine the amount of work necessary for that item. The architect had specifically determined that the concrete restoration work at issue was within the contract allowances and did not constitute extra work (see Savin Bros. v State of New York, 62 AD2d 511, 516 [1978], affd 47 NY2d 934 [1979]). In opposition, plaintiff failed to raise an issue of fact. Its assertion that the contract did not unambiguously give the architect the authority to make the determination at issue is belied by the plain language of the contract.

Defendant established prima facie that it did not authorize plaintiff to replace, rather than repair, the dock and to submit a change order for the increased costs later. The minutes of an August 12, 2004 meeting reflect that defendant informed plaintiff that "[r]eplacement of docks will be approved, if there is no increase in contract price." Plaintiff's assertion that it understood that defendant had agreed to address the additional cost at a later date is insufficient to raise an issue of fact.

As to plaintiff's claims for increased steel costs, the record shows that plaintiff failed to present documentation of those costs.

Plaintiff's claims for unjust enrichment and quantum meruit are precluded by the existence of the parties' contract (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987]).

Since plaintiff did not appeal from a prior order that dismissed its cause of action alleging breach of the implied covenant of good faith and fair dealing, the issue is not properly before this Court. We note that plaintiff also failed to submit the record of the proceedings in which the order was issued. In any event, the cause of action cannot be maintained because "the alleged breach is intrinsically tied to the damages allegedly resulting from a breach of the contract" (Bostany v Trump Org. LLC, 73 AD3d 479, 481 [2010] [internal quotation marks omitted]). Concur—Tom, J.P., DeGrasse, Freedman, Richter and Román, JJ. [Prior Case History: 2010 NY Slip Op 32871(U).]