Order, Supreme Court, New York County (Ellen M. Coin, J.), entered on or about December 6, 2012, which, to the extent appealed from as limited by the briefs, granted the sponsor defendants’ NW 124 LLC, Bennett Holding LLC, Jeffrey Bennett and Refik Radoncic’s (defendants) motion to dismiss the second, third and fourth causes of action, unanimously affirmed, without costs; order, same court and Justice, entered on or about April 12, 2013, which granted plaintiffs motion for reargument of the order entered on or about December 6, 2012 and, upon reargument, adhered to the prior ruling, unanimously dismissed, without costs, as academic; and order, same court and Justice, entered on or about October 15, 2013, which denied plaintiffs motion for leave to amend the complaint to assert certain causes of action dismissed by the order entered on or about December 6, 2012, unanimously affirmed, without costs.
The Supreme Court correctly dismissed the second, third and fourth causes of action alleging breach of implied warranty, *507 negligence and negligent misrepresentation. In opposition to defendants’ motion to dismiss insofar as it sought dismissal of the second cause of action, plaintiff did not argue that it had stated a valid cause of action for breach of implied warranty. Rather plaintiff argued that it wished to amend the complaint to instead assert a cause of action for breach of implied covenant of good faith and fair dealing. Thus, to the extent plaintiff argues that Supreme Court erred in dismissing the second cause of action, alleging breach of implied warranty, the argument is unpreserved. Alternatively, the argument lacks merit (see 20 Pine St. Homeowners Assn. v 20 Pine St. LLC, 109 AD3d 733 [1st Dept 2013]).
Supreme Court properly dismissed plaintiffs third and fourth causes of action, alleging negligence and negligent misrepresentation. Breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389 [1987]). Allegations of negligence based on defects in construction of a condominium sound in breach of contract rather than tort (see Sutton Apts. Corp. v Bradhurst 100 Dev. LLC, 107 AD3d 646, 648 [1st Dept 2013]; Board of Mgrs. of the Chelsea 19 Condominium v Chelsea 19 Assoc., 73 AD3d 581, 582 [1st Dept 2010]). A claim for negligent misrepresentation is not separate from a breach of contract claim where the plaintiff fails to allege a breach of any duty independent from contractual obligations (see Greenman-Pedersen, Inc. v Levine, 37 AD3d 250, 251 [1st Dept 2007]). Here, plaintiff failed to allege any legal duty that would give rise to an independent tort cause of action. Neither General Business Law article 23-A nor its regulations create a special duty or support a private right of action. Thus, the negligence and negligent misrepresentation claims were duplicative of the breach of contract claim and did not state a cause of action.
Supreme Court did not abuse its discretion in denying plaintiff’s motion to amend the complaint. Since a claim for breach of implied duty of good faith and fair dealing “cannot be maintained where, as here, the alleged breach is ‘intrinsically tied to the damages allegedly resulting from a breach of the contract’ ” (Bostany v Trump Org. LLC, 73 AD3d 479, 481 [1st Dept 2010]). Thus, to the extent plaintiff sought to amend the complaint to assert a claim for breach of the covenant of good faith and fair dealing, Supreme Court did not abuse its discretion in denying the motion as futile. Similarly, to the extent plaintiff sought to amend the complaint to assert the dismissed claims for negligence and negligent misrepresentation, Supreme *508 Court did not abuse its discretion in denying the motion as futile. Concur — Friedman, J.E, Moskowitz, Freedman, Gische and Clark, JJ.