Brooks v US Xpress, Inc. (2024 NY Slip Op 02009)

Brooks v US Xpress, Inc.

2024 NY Slip Op 02009

Decided on April 16, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 16, 2024

Before: Kern, J.P., Singh, Scarpulla, Mendez, Higgitt, JJ. 

Index No. 160083/17 Appeal No. 2071 Case No. 2023-06008 

[*1]Danielle Brooks, Appellant,
v
US Xpress, Inc., et al., Respondents, John and Jane Does 1-10 et al., Defendants. 

Meth Law Offices, PC, Chester (Michael D. Meth of counsel), for appellant.
Fisher & Phillips LLP, New York (Seth D. Kaufman and Justin W. Reiter of counsel), for respondents.

Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered on September 14, 2023, which granted defendant US Xpress, Inc.'s motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant's statements about plaintiff being involved in three preventable accidents while employed by its trucking company were protected by a qualified privilege (see Edsell v Indep. Freightway, Inc., 1995 WL 375827, at *4-6, 1995 US Dist LEXIS 8670, at *14-17 [ND NY June 16, 1995, No. 94CV227], affd 101 F3d 681 [2d Cir 1996] [holding that a trucking company and a consumer reporting agency, whose relationship was memorialized in a subscription agreement, had a common interest and duty to exchange driver safety information]). Moreover, plaintiff merely asserted in conclusory fashion that the statements at issue were made with malice, which is insufficient to overcome the privilege (see Hoesten v Best, 34 AD3d 143, 158 [1st Dept 2006]).
Defendant further demonstrated its entitlement to summary judgment by establishing that the communication at issue, which amounted to a safety review committee's classification of the incidents as "preventable," constituted a nonactionable expression of opinion (see Brian v Richardson, 87 NY2d 46, 51 [1995]).
Plaintiff's arguments regarding the trial court's prior order, dated May 31, 2018, which dismissed her causes of action for intentional infliction of emotional distress and tortious interference with business opportunity, are not properly before us, as she did not appeal from that order (see TADCO Constr. Corp. v Dormitory Auth. of the State of N.Y., 93 AD3d 619, 620 [1st Dept 2012], lv dismissed 22 NY3d 980 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 16, 2024