■ FRED C. SCHOENWANDT, Respondent, v JAMFRO CORP. et al., Defendants, and BURGER KING CORPORATION, Appellant. [689 NYS2d 461] —Order, Supreme Court, New York County (Paula Omansky, J.), entered October 24, 1997, which denied the motion of defendant Burger King Corporation (BKC) for summary judgment dismissing the complaint and all cross-claims as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint and all cross-claims as against it.

Defendant BKC should have been granted summary judgment. The record shows the relationship between BKC and defendant Jamfro Corporation to be merely franchisor-franchisee, and there is no showing of the existence of a parent-subsidiary relationship, let alone of the means by which BKC purportedly exercised the complete domination and control of Jamfro's daily operations or how such control resulted in plaintiff's injury (*see, Pebble Cove Homeowners' Assn. v Fidelity N. Y.*, 153 AD2d 843; *Gulf & W. Corp. v New York Times Co.*, 81 AD2d 772; *Musman v Modern Deb*, 50 AD2d 761). BKC surrendered control of the premises over 15 years prior to the occurrence that resulted in plaintiff's claim. The suggestion that certain terms of the subject franchise agreement, such as BKC's right to terminate the agreement if it disapproved of the franchisee's conduct or its right to re-enter the premises, provide a basis for imposing liability on BKC is without merit (*see, Dalzell v McDonald's Corp.*, 220 AD2d 638, *lv denied* 88 NY2d 815; *Balsam v Delma Eng'g Corp.*, 139 AD2d 292, *lv dismissed in part and denied in part* 73 NY2d 783). Concur—Rosenberger, J. P., Nardelli, Williams and Wallach, JJ.