Wendy Hong WU, also known as Hong Wu, also known as Wendy Wu, and Arthur Lin, Plaintiffs–Appellants,

v.

DUNKIN' DONUTS, INC., Defendant–Appellee,

and

Turnway Donuts, Inc., Rick Yuan, Jessie Pan, and York Kissena Realty, Inc., Defendants.

Nos. 00–7923, 00–9213.

United States Court of Appeals, Second Circuit.

Feb. 20, 2001.

Jonathan I. Edelstein, New York, NY; Madeline Lee Breyer on the brief, for appellants.

Robert L. Zisk, Schmeltzer, Aptaker & Shepard, Washington, DC; Jeffrey L. Karlin and Mari–Rae Sopper on the brief, for appellee.

Present JACOBS, CALABRESI and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

Wendy Wu appeals from i) the judgment of the United States District Court for the Eastern District of New York (Ross, J.) granting summary judgment against Wu and in favor of Dunkin' Donuts (DD), *see Wu v. Dunkin' Donuts, Inc.,* 105 F.Supp.2d 83 (E.D.N.Y.2000), and ii) an order denying Wu's motion for reconsideration under Fed.R.Civ.Pro. 60(b)(1).

Wu was raped and beaten by two third-party assailants while she was working the graveyard shift in a donut shop operated by a DD franchisee, Turnway Donuts, Inc. Wu claims that DD is vicariously liable for Turnway's failure to provide adequately secure working conditions. The district court granted DD's motion for summary judgment, holding that Wu did not demonstrate that DD exercised sufficient control over the instrumentality of her harm (i.e., the security of the shop). The court also dismissed a derivative claim of loss of consortium, brought by Wu's husband, Arthur Lin.

We review the grant of a motion for summary judgment *de novo. See United States v. Landau,* 155 F.3d 93, 100 (2d Cir.1998). Summary judgment is only appropriate when "there is no genuine issue

as to any material fact." Fed.R.Civ.P. 56(c). We construe the evidence in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences from the evidence that can be drawn in that party's favor. *See Smith v. Lightning Bolt Prods., Inc.,* 861 F.2d 363, 367 (2d Cir.1988). We review the denial of a motion under Fed. R.Civ.Pro. 60(b)(1) for abuse of discretion. *See Sampson v. Radio Corp. of Am.,* 434 F.2d 315, 317 (2d Cir.1970).

■ This case requires the application of New York franchisor liability law. We review a district court's determination of state law *de novo. See Salve Regina College v. Russell,* 499 U.S. 225, 231, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991); *White v. ABCO Eng'g Corp.,* 221 F.3d 293, 300 (2d Cir.2000). The district court, after conducting a detailed analysis of the relationship between DD and Turnway, concluded that DD did not exercise a level of control over the alleged instrumentality of the harm sufficient to support liability. *See Wu,* 105 F.Supp.2d at 87–94. Wu argues that this determination is erroneous because the standard in New York for determining whether a franchisor is vicariously liable for the torts of its franchisee turns on whether the franchisor retains the authority to control the instrumentality of harm, not on whether it actually exercised that authority. *See Kleeman v. Rheingold,* 81 N.Y.2d 270, 274, 598 N.Y.S.2d 149, 614 N.E.2d 712 (1993) (noting that a party who retains an independent contractor is generally not liable for the contractor's negligent act because such a party "has no right to control the manner in which the work is to be done"). However, after a review of the material presented by the parties on appeal, we conclude that, under a "right to control" standard, an "exercise of control" standard, or a combination of those ap-

proaches, Wu has not submitted evidence sufficient to defeat DD's motion for summary judgment.

■ The district court also rejected Wu's contention that working a graveyard shift at a donut shop was an "inherently dangerous" activity and that DD therefore owed her an enhanced duty. *See id.* at 95–96, 598 N.Y.S.2d 149, 614 N.E.2d 712. To qualify as inherently dangerous, an activity must be "dangerous in spite of all reasonable care." *Chainani v.. Bd. of Educ.,* 87 N.Y.2d 370, 381, 639 N.Y.S.2d 971, 663 N.E.2d 283 (1995) (affirming summary judgment finding that driving a school bus is not inherently dangerous) (internal quotation marks omitted). Examples of inherently dangerous activity identified by the Court of Appeals include "blasting, certain types of construction and working with high tension electric wires." *Id.* (citing Prosser and Keeton, *Torts* § 71, at 513 (5th ed.)) The activity at issue here does not fall into such a category.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.