■ MANUEL ALONZO, Appellant, v McDONALD'S CORPORA-TION, Respondent. [723 NYS2d 499] —Order, Supreme Court, New York County (Jane Solomon, J.), entered on or about February 1, 2000, which, in an action for personal injuries sustained by an employee of defendant franchisor's franchisee, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The action was properly dismissed since defendant, an out-of-possession landlord, cannot be held liable for injuries caused by a defective condition on its premises absent evidence that it had agreed to be responsible for maintenance or repair (*see, Pappalardo v New York Health & Racquet Club*, 279 AD2d 134, 140-141; *Velazquez v Tyler Graphics*, 214 AD2d 489). The documentary evidence submitted on the motion, namely, defendant's franchise, license and lease agreements with plaintiff's employer, clearly establish that plaintiff's employer was to be solely responsible for the maintenance, repair and code compliance of the premises and for any personal injuries sustained thereon, and that defendant did not reserve a right of reentry for the purpose of inspection and making repairs such as might warrant a finding that it had consented to be responsible for making repairs (*see, Guzman v Haven Plaza*

*Hous. Dev. Fund Co.*, 69 NY2d 559, 566). We reject plaintiff's argument that such consent can be found in the lease provision giving defendant the option of performing any lease obligations not performed by plaintiff's employer (*cf.*, *Dalzell v McDonald's Corp.*, 220 AD2d 638, *lv denied* 88 NY2d 815; *Schoenwandt v Jamfro Corp.*, 261 AD2d 117). Concur—Williams, J. P., Tom, Wallach, Buckley and Friedman, JJ.