■ JOSE L. DEJESUS, Appellant, v HENRY TODARO, JR., et al., Defendants, and TRUSERV CORPORATION, Respondent. [777 NYS2d 474]—

Order, Supreme Court, Bronx County (Nelson Roman, J.), entered November 5, 2003, which, in an action for personal injuries sustained by plaintiff while using a sidewalk freight elevator appurtenant to his employer's hardware store, granted defendant-respondent's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

There is nothing in this record that tends to show that respondent, a cooperative wholesaler and main supplier of goods and services to plaintiff's employer's store, exercised any control, or had the right to exercise any control, over the allegedly defective elevator or the work plaintiff was doing when injured (*see Schoenwandt v Jamfro Corp.*, 261 AD2d 117 [1999]; *Andreula v Steinway Baraqafood Corp.*, 243 AD2d 596 [1997]). It is "mere hope" on plaintiff's part to argue that evidence of such control will be uncovered in disclosure (*see Moukarzel v Montefiore Med. Ctr.*, 235 AD2d 239, 240 [1997]). Concur—Nardelli, J.P., Lerner, Friedman, Marlow and Gonzalez, JJ.