■ REGINA WILLIAMS, Respondent, v STEVENSON COMMONS ASSOCIATES, Respondent, and PRO SECURE, INC., Appellant, et al., Defendants. [819 NYS2d 245]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about April 19, 2005, which denied defendant-appellant's motion for summary judgment dismissing the complaint and all cross claims as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint and all cross claims as against it.

The complaint seeks damages for injuries plaintiff allegedly suffered as the result of a fall caused by tripping or slipping while she was on the premises of Stevenson Commons, the Bronx apartment complex where she resided. The named defendants are the entities that own or manage Stevenson Commons, and, in addition, defendant-appellant Pro Secure, Inc., a security company that contracted with defendant-respondent Stevenson Commons Associates (Associates) to provide security services at Stevenson Commons. In support of its motion for summary judgment, Pro Secure argued, inter alia, that it could not be held liable for plaintiff's injuries because, under its contract with Associates, it had no responsibility for maintaining the premises (a point to which the affidavit of Pro Secure's former president attests). This contention is borne out by the contract between Pro Secure and Associates, which is concerned solely with security. In addition, plaintiff's bill of particulars, in response to Pro Secure's demand for "[a] statement of all the acts or omissions constituting the negligence complained of," does not refer to any negligence in the provision of security services. Although neither plaintiff nor any of the nonmoving defendants submitted papers opposing Pro Secure's motion, the motion was denied by the IAS court. On Pro Secure's appeal (which only Associates has opposed), we reverse.

Pro Secure's moving papers, which include copies of its contract with Associates and of plaintiff's bill of particulars, establish a prima facie case for judgment in its favor, based on the absence of any evidence, or even a bare allegation, that plaintiff's fall was in any way causally related to negligence in the provision of security services at Stevenson Commons. Since the motion was unopposed in the IAS court, the record before us is devoid of any evidence that negligence by Pro Secure in the performance of its security-related duties played any role in causing plaintiff's mishap. This ground, by itself, is sufficient to entitle Pro Secure to summary judgment dismissing the complaint and all cross claims as against it.

We further note that, even if there were evidence that negligence in Pro Secure's performance of its duties may have contributed to the causation of the accident, Pro Secure would still be entitled to dismissal of the complaint (but not the cross claims), given the absence of any record evidence to support a finding that Pro Secure owed plaintiff a duty of care. Specifically, there is no evidence that plaintiff was an intended third-party beneficiary of Pro Secure's contract with Associates (*see e.g. Anokye v 240 E. 175th St. Hous. Dev. Fund Corp.*, 16 AD3d 287, 288 [2005]), nor is there evidence of any other circumstance that might support a finding that Pro Secure owed a duty of care to third parties in the performance of its contract (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]). Concur—Mazzarelli, J.P., Saxe, Friedman, Sullivan and Williams, JJ.