■ RAFAEL MARTINEZ, Respondent, v HIGHER POWERED PIZZA, INC., Doing Business as PAPA JOHN'S PIZZA, et al., Defendants, and PAPA JOHN'S INTERNATIONAL, INC., et al., Appellants. [841 NYS2d 526]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered October 16, 2006, which denied the motion of defendants Papa John's International, Inc. and Papa John's USA, Inc. (collectively, Papa John's) for summary judgment without prejudice to renewal after further discovery, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed as to those defendants. The Clerk is directed to enter judgment accordingly.

Plaintiff was injured when defendant Pardo struck him with a bicycle while making deliveries for defendant Higher Powered Pizza, a franchisee of Papa John's. Shortly after the action was commenced, Papa John's moved for summary judgment on the grounds that under the franchise agreement, Papa John's was not vicariously liable for the acts of its franchisee, since it had no control over the franchisee's day-to-day operations. The agreement and the sworn affidavit of Papa John's general counsel were submitted in support of dismissal. Plaintiff contends that the prediscovery motion is premature, but fails to explain how discovery will lend merit to his case.

The motion court erred in denying summary judgment. The mere existence of a franchise agreement is insufficient to impose vicarious liability on the franchisor for the acts of its franchisee; there must be a showing that the franchisor exercised control over the day-to-day operations of its franchisee (*Schoenwandt v Jamfro Corp.*, 261 AD2d 117 [1999]; *Hong Wu v Dunkin' Donuts, Inc.*, 105 F Supp 2d 83 [ED NY 2000], *affd* 4 Fed Appx 82 [2d Cir 2001]). Here, the franchise agreement expressly states that the franchisee "shall have full responsibility for the conduct and terms of employment for [its] employees and the day-to-day operation of [its] business." As in the typical franchise agreement, the only control the agreement reserves to Papa John's involves enforcement of standards in areas such as food quality and preparation, hours of operation, menu items, employee uniform guidelines, and packaging requirements. This includes the right to perform inspections, limited to review of sales and order forms, audits to ensure compliance with company standards, and observation of interaction with customers. Retention of such rights does not generally give rise to a legal obligation (105 F Supp 2d at 87). In any event, there was no reservation of control over the delivery process or delivery

personnel, Pardo was not an employee of Papa John's, and Papa John's general counsel avers that it does not own or operate a restaurant in New York County. Inasmuch as plaintiff offers only surmise and conjecture in opposing summary judgment, Papa John's was entitled to dismissal of the complaint as against them (*Shapiro v Health Ins. Plan of Greater N.Y.*, 7 NY2d 56, 63 [1959]; *Moore v True N. Communications*, 1 AD3d 175 [2003]). Concur—Sullivan, J.P., Nardelli, Williams, Gonzalez and Catterson, JJ.