■ ARMANDO GONZALEZ, as Auxiliary Executor of ANTONIO LAURENTINO TURBEL, Deceased, et al., Appellants, v SOCIÉTÉ GÉNÉRALE, Respondent. [855 NYS2d 521]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered September 14, 2007, which denied plaintiffs' motion for disclosure sanctions resolving certain issues and for leave to amend the complaint, and order, same court and Justice, entered November 30, 2007, which granted defendant's motion to strike plaintiffs' notice of deposition, unanimously affirmed, with one bill of costs.

At the least, it appears that defendant, a New York bank, had a good faith belief that it was not legally obligated to produce documents solely in the possession of an Argentine affiliate that had been dismissed from the action years earlier (*see* 276 AD2d 446 [2000]), a belief eventually confirmed by the motion court's ruling that such production could not be compelled (*see* 37 AD3d 187 [2007]). Therefore, it cannot be said that any noncompliance by defendant with prior disclosure orders pertaining to such production was so willful as to justify the extreme sanction of precluding it from contesting potentially dispositive issues at trial. Nor should plaintiffs be given leave to amend their complaint nearly five years after they filed a note of issue, especially in view of the proposed new allegations concerning the actions and intentions of a plaintiff long deceased, or the opportunity on the eve of trial to depose a witness without any persuasive explanation why that deposition could not have been conducted earlier. Concur—Andrias, J.P., Friedman, Buckley, Catterson and Acosta, JJ. [*See* 2007 NY Slip Op 32878(U).]