OPINION OF THE COURT
Richard F. Braun, J.
This is a personal injury action in which plaintiff is seeking *204 damages from defendant for its alleged negligence. On March 6, 2009 at approximately 7:15 a.m., the plaintiff Gloria Stern and her daughter, guests of the Four Points by Sheraton Ann Arbor Hotel, were walking on the hotel property toward a hotel shuttle bus, when plaintiff “slipped/tripped” and fell. She fractured her left patella, which required open reduction internal fixation surgery. Defendant Starwood Hotels and Resorts Worldwide, Inc. moves for summary judgment dismissing the complaint. Starwood contends that it is not the owner of the subject hotel and not even the licensor/franchisor but rather the licensor/franchisor was an affiliate of Starwood. Plaintiff opposes the motion claiming that she had reason to believe that she was dealing with Starwood and that discovery is necessary to oppose the motion. Plaintiff cross-moves to strike defendant’s answer for failure to produce discovery and to compel defendant to produce discovery.
A party moving for summary judgment must show prima facie an entitlement to judgment as a matter of law by tendering sufficient evidence to demonstrate the absence of any material issues of fact (Friends of Thayer Lake LLC v Brown, 27 NY3d 1039, 1043 [2016]; Pokoik v Pokoik, 115 AD3d 428 [1st Dept 2014]; CPLR 3212 [b]). To defeat summary judgment, the party opposing the motion has to show that there is a material question(s) of fact that requires a trial (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Kershaw v Hospital for Special Surgery, 114 AD3d 75, 82 [1st Dept 2013]; see Hoover v New Holland N. Am., Inc., 23 NY3d 41, 56 [2014]). In deciding a motion for summary judgment, the court should interpret the evidence in a manner that most favors the opposing party (see Kershaw v Hospital for Special Surgery, 114 AD3d at 82).
Defendant has made a prima facie showing of entitlement to summary judgment by way of (1) the affidavit of Theresa Taylor, defendant’s employee, which, contrary to plaintiff’s contention, is properly certified pursuant to CPLR 2309 (c) (see Midfirst Bank v Agho, 121 AD3d 343, 349-350 [2d Dept 2014]) and (2) a copy of the license agreement. Contrary to plaintiff’s argument, the best evidence rule does not require the production of the deed for the subject hotel to show who owned it (see Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d 639, 641, 643 [1994]). Defendant Starwood demonstrated that it owed no duty to plaintiff, as it did not own or operate the subject hotel or manage its day-to-day operations (see Ioviero v Ciga Hotels, 101 AD2d 852, 853 [2d Dept 1984]). Z.L.C. Inc. was the franchisee/licensee of the subject hotel and a separate legal *205 entity against whom the complaint in this action was previously dismissed based upon a lack of personal jurisdiction (Stern v Four Points by Sheraton Ann Arbor Hotel, 133 AD3d 514 [1st Dept 2015]). Moreover, the franchisor, The Sheraton Corporation, now known as The Sheraton LLC, although affiliated with Starwood, was also a separate legal entity from Star-wood whose separate legal existence normally could not be disregarded (see Matter of Seagroatt Floral Co. [Riccardi], 78 NY2d 439, 450 [1991]; cf. Billy v Consolidated Mach. Tool Corp., 51 NY2d 152, 163 [1980] [“there must be direct intervention by the parent in the management of the subsidiary to such an extent that ‘the subsidiary’s paraphernalia of incorporation, directors and officers’ are completely ignored”]; Serrano v New York Times Co., Inc., 19 AD3d 577, 578 [2d Dept 2005] [“A parent company will not be held liable for the torts of its subsidiary unless it can be shown that the parent exercises complete dominion and control over the subsidiary”]). Movant has also shown that the franchisor Sheraton exercised insufficient control of the day-to-day operations of the franchisee to give rise to a duty in negligence (see Martinez v Higher Powered Pizza, Inc., 43 AD3d 670, 671 [1st Dept 2007] [“The mere existence of a franchise agreement is insufficient to impose vicarious liability on the franchisor for the acts of its franchisee; there must be a showing that the franchisor exercised control over the day-to-day operations of its franchisee”]; Alonzo v McDonald’s Corp., 282 AD2d 395, 395 [1st Dept 2001] [“The documentary evidence submitted on the motion, namely, defendant’s franchise, license and lease agreements . . . clearly establish that (franchisee) was to be solely responsible for the maintenance, repair and code compliance of the premises and for any personal injuries sustained thereon”]; Schoenwandt v Jamfro Corp., 261 AD2d 117, 117 [1st Dept 1999] [“The record shows the relationship between BKC and defendant Jamfro Corporation to be merely franchisor-franchisee, and there is no showing of the existence of a parent-subsidiary relationship, let alone of the means by which BKC purportedly exercised the complete domination and control of Jamfro’s daily operations or how such control resulted in plaintiff’s injury”]).
However, plaintiff has shown in her affidavit that she used a website for the Sheraton Hotel, a Starwood property, in booking the Sheraton Hotel in question and relied upon the Star-wood and Sheraton names in selecting the hotel. Plaintiff relies upon Bostany v Trump Org. LLC (73 AD3d 479 [1st Dept *206 2010]), an action for, among other claims, fraud and negligence. There, the record demonstrated that the plaintiff was induced to sign a lease for the subject premises, “The Trump Building,” by the executive vice-president of the defendant Trump Organization; that the lease was signed by Donald Trump, although for the other defendant 40 Wall Street, at defendants’ executive offices at Trump Tower; that the plaintiff and its contractors had dealt directly with employees of the defendant Trump Organization; and that the executive vice-president of the defendant Trump Organization had authorized, on the letterhead of the defendant Trump Organization, a summary eviction proceeding. The First Department held that, where circumstances showed the possibility of an agency relationship without written authority, “questions of agency and of its nature and scope . . . are questions of fact.” (Id. at 480.) The Court stated that, if apparent or ostensible agency between the defendants Trump Organization and 40 Wall Street would be found, then a basis for vicarious liability could be established under certain circumstances. Although the fraud cause of action and parts of other claims were dismissed based on a settlement agreement, parts of those other claims for actions that occurred after the date of the settlement agreement were not.
Insofar as the precise interrelationship among the various entities involved here and their responsibilities to the hotel have not yet been the subject of defendant’s deposition, and knowledge about the relationship and responsibilities between the various corporate entities is solely within the control of defendant, not of plaintiff, the motion is premature, as plaintiff contends. “Where essential facts to justify opposition to a motion for summary judgment might exist, but cannot be stated because they are in the moving party’s exclusive knowledge or control, summary judgment must be denied. (CPLR 3212 [f].)” (Ciaffaglione v Rabiner, 202 AD2d 373, 373 [1st Dept 1994].) Thus, the motion should be denied on that basis because discovery is not complete, particularly the deposition of defendant by plaintiff.
Defendant substantially complied with the discovery order so that the striking of defendant’s answer to the complaint is unwarranted (see Sidelev v Tsal-Tsalko, 52 AD3d 398, 398 [1st Dept 2008] [“The record also indicates that defendants substantially complied with the court’s discovery directions, and thus any delay in disclosing the requested information was not willful, contumacious or in bad faith”]; Gonzalez v Société *207 Générale, 50 AD3d 477, 478 [1st Dept 2008] [“At the least, it appears that defendant, a New York bank, had a good faith belief that it was not legally obligated to produce documents solely in the possession of an Argentine affiliate that had been dismissed from the action years earlier”]). Further, to the extent the cross motion sought to compel production, discovery was stayed by the summary judgment motion, pursuant to CPLR 3214 (b).
Accordingly, by separate decision and order, the motion and cross motion were denied. That is without prejudice to defendant renewing the motion for summary judgment, if desired, after discovery is completed.