| |
|---|
| **Fayod v 24 Second Ave. Corp.** |
| 2024 NY Slip Op 30900(U) |
| March 18, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 159884/2014 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:       **HON. HASA A. KINGO**          PART                    05M
                        *Justice*

-------------------------------------------------------------------------------X

ROBAH FAYOD,

                                  Plaintiff,

                          - v -

24 SECOND AVE. CORP., KALISH & KERNER
PETROLEUM LLC,BP PRODUCTS NORTH AMERICA,
INC.,THE CITY OF NEW YORK, SECOND AVENUE
SERVICE STATION, INC.,MRM AUTO, INC.,JOHN DOE #2
THROUGH JOHN DOE #5, FICTITIOUS NAMES OF
INDIVIDUALS AND/OR INSTITUTIONS THAT MAY IN ANY
WAY OWN, LEASE, OPERATE, CONTROL, REPAIR,
MANAGE, AND/OR MAINTAIN THE PREMISES WHERE
THE PLAINTIFF HAD SUSTAINED PERSONAL INJURIES,
TRUE NAMES BEING UNKNOWN AT THIS TIME,

                                  Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159884/2014 |
| MOTION DATE | 12/27/2022 |
| MOTION SEQ. NO. | 007 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 007) 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 291, 293, 295, 297, 299, 303, 304, 305, 306, 309, 311, 313

were read on this motion to/for                    SUMMARY JUDGMENT                    .

   With the instant motion, defendant BP PRODUCTS NORTH AMERICA, INC. (hereinafter, "Defendant BP") and defendants 24 SECOND AVE. CORP. (hereinafter, "Defendant 24 SECOND AVE. CORP.") and defendant SECOND AVENUE SERVICE STATION INC. (hereinafter "Defendant SECOND AVENUE SERVICE STATION INC.") move, pursuant to CPLR §3212, for summary judgment and an order dismissing plaintiff Rabah Fayod's ("plaintiff") complaint as well as any cross-claims asserted against them. Plaintiff opposes the motion as to Defendants 24 SECOND AVE. CORP., BP PRODUCTS NORTH AMERICA, INC. AND SECOND AVENUE SERVICE STATION INC. collectively without addressing dismissal as to Defendant BP specifically. At oral argument on March 19, 2024, plaintiff's counsel confirmed that plaintiff's counsel does not oppose Defendant BP's request for summary judgment.

## BACKGROUND

   In this tort matter, plaintiff has lodged allegations pertaining to injuries purportedly sustained during a fall on ice at 24 Second Avenue, situated within the city, county, and state of New York, on November 29, 2013, at 9:30 PM. Plaintiff, a taxi driver and habitual patron of the gas station located therein, asserts that on the day preceding the incident, he observed water emanating from the street onto the premises. Recollecting a temperature of 29 degrees Fahrenheit,

[* 1]

he contends that while traversing the sidewalk at 9:30 PM, the ingress from the roadway to the gas station, plaintiff alleges that he was caused to fall due to a 1-meter circle of ice on the ground.

## DISCUSSION

In order to prevail on a motion for summary judgment, the proponent must make a prima facie showing of entitlement to judgment as a matter of law, through admissible evidence demonstrating the absence of any material issue of fact (*see Klein v. City of New York*, 89 NY2d 883 [1996]; *Ayotte v. Gervasio*, 81 NY2d 1062 [1993]). Once the moving party has satisfied these standards, the burden shifts to the opponent to rebut that prima facie showing, by producing contrary evidence in admissible form sufficient to require a trial of material factual issues (*Amatulli v. Delhi Constr. Corp.*, 77 NY2d 525 [1999]).

To establish liability in the negligent maintenance of property, "the plaintiff... must prove: (1) that the premises were not reasonably safe; (2) that the defendant ... was negligent in not keeping the premises in a reasonably safe condition; and (3) that ... defendant's negligence in allowing the unsafe condition to exist was a substantial factor in causing [plaintiffs] injury" (PJI 2:90; *Basso v Miller*, 40 NY2d 233 [1976]; *Tatom v Andrews Intl., Inc.,* 178 AD3d 981 [2nd Dept 2019]; *Davis v Commack Hotel,* 174 AD3d 501 [2nd Dept 2019]). However, "[l]iability for a dangerous condition on property is predicated upon occupancy, ownership, control or a special use of such premises" which must exist before the above obligations arise (*Balsam v Delma Engineering Corp.,* 139 AD2d 292, 296 [1st Dept 1988]; *see also Moonstone Judge, LLC v Shainwald,* 38 AD3d 215 [1st Dept 2007]; *Williams v Stevenson Commons Associates,* 31 AD3d 289, 290 [1st Dept 2006]).

Here, Defendant BP established, in the first instance, that when the accident occurred it did not own, occupy, lease or control the location at issue via deposition testimony, affidavits and documentary evidence. Defendant BP likewise demonstrated that the defective condition, ice on the ground alleged to have been caused proximal to a gas station, was not within the purview of any ownership or control by Defendant BP. The Dealer Supply Agreement ("DSA") that existed between the gas station, the franchisee, and Defendant BP, the franchisor, did not create vicarious liability on the part of Defendant BP as the documentary and deposition testimony did not reveal that Defendant BP "exercised control over the day-to-day operations of its franchisee" (*Martinez v Higher Powered Pizza, Inc.*, 43 AD3d 670, 671 [1st Dept 2007]; *see also Santos v 786 Flatbush Food Corp.*, 89 AD3d 828 [2d Dept 2011]). The evidence also proved that BP did not perform the work that allegedly caused plaintiff to fall. As such, any argument that plaintiff could advance to argue that Defendant BP had complete dominion and control over the daily operation of the location owned by the gas station is simply not contained within the DSA or any of the deposition testimony (*see Martinez v Higher Powered Pizza, Inc., supra*; *Schoenwandt v Jamfro Corp.*, 261 AD2d 117 [1st Dept 1999]). Likewise, any claim of agency by plaintiff on the part of Defendant BP fails as there is no proof that Defendant BP held itself out as the operator of the premises and, more importantly, that plaintiff somehow relied on that representation to his detriment (*see Balsam v Delma Engineering Corp., supra; cf. Stern v Starwood Hotels & Resorts Worldwide, Inc.*, 149 AD3d 496 [1st Dept 2017]). The argument that Defendant BP had a duty to report any defect, even if true, is of no moment since Defendant BP owed no duty to plaintiff.

Plaintiff asserts that "the plaintiff offers more than speculation to demonstrate that the ice formed as a result of the water ponding condition extending to the sidewalk caused by the clogged catch basin and its defective sewer connection." However, plaintiff submits no evidence supporting this allegation, relying solely on Defendant BP's expert report and the deposition testimony of the parties, none of which refute Defendant BP's prima facie showing. As plaintiff has failed to refute Defendant BP's prima facie showing, Defendant BP is entitled to judgment in Defendant BP's favor.

There is also merit to Defendant 24 SECOND AVE. CORP.'s similar request for individual dismissal. The Court of Appeals has ruled that Administrative Code of City of NY §7-210 imposes a nondelegable duty on landowners to maintain sidewalks safely (*see Xiang Fu He v Troon Mgt., Inc.*, 34 NY3d 167, 174 [2019]). Where, as here, Defendant SECOND AVE. CORP. has established prima facie that it neither created the hazardous condition nor had actual notice of it or constructive notice of its existence for a sufficient length of time to discover and remedy it, summary judgment may be awarded (*see Arias v. Sanitation Salvage Corp.*, 199 AD3d 554, 556 [1st Dept 2021][ summary judgment granted out-of-possession landlord where defendant neither created the hazardous condition on the sidewalk nor had actual nor constructive notice of it]). Indeed, the lease and affidavit of Dr. Sandra R. Wolkoff establish that Defendant 24 SECOND AVE. CORP was solely an out-of-possession landlord, did not visit, inspect, or perform any work on the subject premises and adjacent sidewalk for more than 1-year prior to the accident, and had no duty to maintain the premises free of snow and ice. Rather, Defendant SECOND AVENUE SERVICE STATION INC. was responsible for snow and ice removal. Further, Defendant 24 SECOND AVE. CORP. had no notice of the subject alleged black ice. Defendant 24 SECOND AVE. CORP. had not received any complaints about ice on the sidewalk, and was not present on the premises on the date of loss, nor within 1-year prior thereto. As plaintiff has failed to rebut Defendant 24 SECOND AVE. CORP.'s prima facie showing, Defendant 24 SECOND AVE. CORP. is granted summary judgment in its favor (*see Arias*, 199 AD3d at 556, *supra*).

However, unlike Defendant 24 SECOND AVE. CORP., Defendant SECOND AVENUE SERVICE STATION INC. has failed to submit sufficient evidence to meet its prima facie burden of establishing that it did not create the icy condition which caused plaintiff's fall, and that it did not have notice of the icy condition. Further, based on its own expert report, there are issues of fact as to when the icy condition was created within a reasonable period before the fall and whether Defendant SECOND AVENUE SERVICE STATION INC. had a sufficient opportunity to identify and remedy the ice on the sidewalk.

In evaluating Defendant SECOND AVENUE SERVICE STATION INC.'s application, the court notes that summary judgment is a drastic remedy. Therefore, the court's function on a motion for summary judgment is issue finding rather than issue determination (*Stillman v Twentieth Century Fox Film Corp.*, 3 NY2d 395 [1957]). Since summary judgment is a drastic remedy, it should not be granted where there is any doubt as to the existence of a triable issue (*Rotuba Extruders v Ceppos*, 46 NY2d 223 [1978]). The burden on the movant is a heavy one, and the facts must be viewed in the light most favorable to the non-moving party (*Jacobsen v New York City Health & Hosps. Corp.*, 22 NY3d 824 [2014]).

When confronted with a summary judgment motion, it is the court's responsibility to search the record for triable issues of fact without determining the strength of either parties' case (*Cross v. Cross*, 112 AD2d 62 [1st Dept 1985]). In doing so, the court must search evidentiary facts sufficient to defeat a motion for summary judgment. The mere existence of a material issue of fact should lead to the denial of the motion (*see Downing v. Schreiver*, 176 AD2d 781 [2d Dept 1991]). It is also firmly acknowledged that matters concerning negligence seldom find facile resolution through summary judgment proceedings (*Ugarizza v. Schmieder*, 46 NY2d 471 [1979]). Indeed, the pivotal inquiry as to whether a defendant's actions constitute negligence is inherently entwined with questions of fact that properly belong within the purview of a jury (*Rivers v. Atomic Exterminating Corp.*, 210 AD2d 134 [1st Dept 1994]).

Here, viewing the submission with respect to Defendant SECOND AVENUE SERVICE STATION INC. in a light most favorable to plaintiff, it is axiomatic that Defendant SECOND AVENUE SERVICE STATION INC. has failed to make a requisite prima facie showing to entitle it to judgment in its favor. As such, Defendant SECOND AVENUE SERVICE STATION INC.'s motion for summary judgment is denied.

Accordingly, it is hereby

ORDERED that Defendant BP's motion is granted and plaintiff's complaint, and any cross claims as against Defendant BP, are dismissed; and it is further

ORDERED that Defendant 24 SECOND AVE. CORP.'s motion is granted and plaintiff's complaint, and any cross claims as against Defendant 24 SECOND AVE. CORP, are dismissed; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly; and it is further

ORDERED that Defendant SECOND AVENUE SERVICE STATION INC.'s motion is denied.

This constitutes the decision and order of the court.

20240319171647HKINGOFC2775308B1F743E98845BA63CC5EBFBE

__3/18/2024__
**DATE**

**HASA A. KINGO, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 4]