■ FLORENCE BALDASSARRE et al., Appellants, v MORWIL SUPERMARKET, INC., Doing Business as MET FOOD, et al., Defendants, and MET FOOD, Respondent. [609 NYS2d 345] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Ramirez, J.), dated June 11, 1992, which granted the motion of the defendant Met Food Corp., s/h/a Met Food, a subsidiary of White Rose Food Corp., for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The plaintiff Florence Baldassarre, who was homebound recovering from a broken leg, called her neighborhood Met Food Supermarket and ordered a grocery delivery to her apartment. A delivery man arrived, and after announcing he was from Met Food, gained entrance to Mrs. Baldassarre's apartment, whereupon he proceeded to sexually assault and brutally beat her. The plaintiffs commenced this action against, among others, the defendant-respondent alleging, inter alia, negligence in the hiring of the delivery man. The plaintiffs claim that the defendant-respondent Met Food Corp., is liable under the doctrine of apparent authority. The defendant-respondent moved for summary judgment, asserting that it did not own the subject store, and exercised no control over either the supermarket or its delivery service. It alleged that its parent corporation White Rose Food Corp. owns the trade name "Met Food" and that it merely sells groceries to supermarkets who use the Met Food name and logo as an identifying mark. The plaintiffs, however, presented evidence that the defendant-respondent intentionally sought to create the impression to the public that the store in question belonged to a Met Food chain of supermarkets in order to enhance the defendant-respondent's profits. The defendant-respondent assisted in advertising and in preparation of circulars for the store, all bearing the Met Food name. The supermarket adver-

tised for "phone orders and delivery" in the telephone directory under the name Met Food. When the plaintiff Florence Baldassarre called that telephone number provided, the telephone was answered by an employee who called the store Met Food. The delivery man also announced that he was from Met Food. Mrs. Baldassarre maintained that she believed she was dealing with Met Food, a large supermarket chain, that the delivery man was a Met Food employee, and that she relied on the Met Food name in allowing him to enter her apartment.

We find that triable issues of fact exist regarding whether Met Food Corp. clothed the supermarket with apparent authority (see, Fogel v Hertz Intl., 141 AD2d 375; Hannon v Siegel-Cooper Co., 167 NY 244). Therefore, summary judgment in favor of defendant-respondent was inappropriate. Thompson, J. P., Pizzuto, Santucci and Goldstein, JJ., concur.