■ WILFRED KIRKALDY, Respondent-Appellant, v HERTZ CORPORATION et al., Appellants-Respondents, MARJON, INC., Respondent, et al., Defendant. (Action No. 1.) LAWRENCE POLLARD, Respondent-Appellant, v HERTZ CORPORATION et al., Appellants-Respondents, and MARJON, INC., Respondent. (Action No. 2.) [634 NYS2d 177] —In two related actions to recover damages for personal injuries, (1) the defendant Hertz Corpora-

tion appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (I. Aronin, J.), entered May 24, 1994, as (a) denied the branches of its motion which were to dismiss the respective complaints insofar as asserted against it for failure to state a cause of action or to dismiss the complaints on the ground that New York is an inconvenient forum, and (b) granted the plaintiffs' motion to amend their complaints to add a cause of action against Hertz Corporation for fraud, (2) the defendant Ford Motor Company appeals from so much of the same order as denied its separate motion to dismiss the complaints on the ground that New York is an inconvenient forum, and (3) the plaintiffs separately cross-appeal from so much of the same order as granted the branch of the motion of the defendant Marjon, Inc., which was to dismiss the complaints insofar as asserted against it for lack of personal jurisdiction, and denied their separate cross motions for additional discovery on the issue of personal jurisdiction.

Ordered that the cross appeal of the plaintiff in Action No. 2, Lawrence Pollard, is dismissed, without costs or disbursements, for failure to perfect the cross appeal in accordance with the rules of this Court (see, 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

This action was commenced to recover damages for personal injuries sustained by Wilfred Kirkaldy, the plaintiff in Action No. 1, as a result of a one-car accident during which the Mercury Tracer, manufactured by the Ford Motor Company and rented from the defendant Marjon, Inc., a licensee of the Hertz Corporation, and driven by Lawrence Pollard, the defendant in Action No. 1 and the plaintiff in Action No. 2, swerved off the road, hitting a stone embankment and causing serious physical injury to Wilfred Kirkaldy.

Contrary to the plaintiff's assertions, the complaints are properly dismissed insofar as asserted against Marjon, Inc., there being no basis for in personam jurisdiction over that entity, as it does no business in New York, having its corporate headquarters in Maryland and rental offices in Maryland and West Virginia (see, Milliken v Holst, 205 AD2d 508; Success Mktg. Elecs. v Titan Sec., 204 AD2d 711). As such, the Supreme Court's refusal to grant additional discovery with regard to jurisdiction was proper.

Additionally, the motion of Hertz Corporation for summary judgment to dismiss the complaints for failure to state a cause of action, was properly denied. There is a triable issue of fact

as to whether the Hertz Corporation, by allowing Marjon to use its name, logo, and advertise itself as a Hertz establishment clothed the car rental agency with apparent authority (*see, Fogel v Hertz Intl.,* 141 AD2d 375; *Baldassarre v Morwil Supermarket,* 203 AD2d 221).

Moreover, upon our review of the relevant factors in this case, we find that the Supreme Court did not improvidently exercise its discretion in denying the motions of the defendants' Hertz Corporation and Ford Motor Company to dismiss the complaints on the ground of forum non conveniens (*see,* CPLR 327; *Barocas v Gorenstein,* 189 AD2d 847; *Premier Prods. v Marjam Supply Co.,* 209 AD2d 498; *see also generally, Islamic Rep. of Iran v Pahlavi,* 62 NY2d 474, 478-479, *cert denied* 469 US 1108; *cf., Sarfaty v Rainbow Helicopters,* 221 AD2d 618 [decided herewith]).

Finally, we find that the amended complaints sets forth with sufficient specificity all of the elements of a cause of action to recover damages for fraud, pursuant to CPLR 3016 (a), and that no claim of surprise or prejudice properly stems therefrom. Accordingly, leave to amend the complaints was properly granted pursuant to CPLR 3025 (b). Balletta, J. P., Ritter, Copertino and Friedmann, JJ., concur.