■ SAMUEL FRIEDLER et al., Respondents, v VASSILIKI PALYOMPIS et al., Defendants, and COLDWELL BANKER, INC., Appellant. [784 NYS2d 902]—

In an action, inter alia, to recover damages for breach of contract and broker negligence, the defendant Coldwell Banker, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Johnson, J.), dated June 24, 2003, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Coldwell Banker Mid Plaza Real Estate (hereinafter Mid Plaza) is a franchisee of the appellant, Coldwell Banker, Inc. (hereinafter Coldwell Banker). The plaintiffs retained Mid Plaza to serve as their broker for the purchase of a house in Brooklyn. Prior to the purchase, one of Mid Plaza's agents recommended that the plaintiffs hire the defendant Rudolph Hahn to conduct an inspection of the house, which the plaintiffs did. Hahn concluded that the house was structurally

sound. Based on this conclusion, the plaintiffs purchased the house. Approximately two years later, a professional engineer inspected the house and concluded that it was not structurally sound. The plaintiffs commenced this action after a subsequent inspection by the New York City Department of Buildings resulted in a Temporary Vacate Order due to, inter alia, structural failure, which required approximately $300,000 to repair. After discovery, Coldwell Banker moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied the motion on the ground that there is an issue of fact as to whether an agency relationship existed between Coldwell Banker and Mid Plaza. We affirm.

Absent proof of a principal/agency relationship or proof that a franchisor exercised a high degree of control over its franchisee, there is no basis for holding a franchisor responsible for its franchisee's misconduct (*see Matter of Sperte v Shaffer,* 111 AD2d 856, 858 [1985]; *Matter of Realty World/Realty World Franchise Serv. Corp. v Shaffer,* 101 AD2d 708 [1984]). In the present case, however, there is an issue of fact as to whether an apparent agency relationship existed between Coldwell Banker and Mid Plaza, precluding summary judgment (*see Baldassarre v Morwil Supermarket,* 203 AD2d 221 [1994]; *Fogel v Hertz Intl.,* 141 AD2d 375, 376-377 [1988]; *see also Kirkaldy v Hertz Corp.,* 221 AD2d 599, 600-601 [1995]).

Coldwell Banker's remaining contention is without merit. Krausman, J.P., Goldstein, Luciano and Fisher, JJ., concur.