LINDA TAYLOR, Individually and as Coexecutor of THOMAS TAYLOR, Deceased, Respondent, v THE POINT AT SARANAC LAKE, INC., et al., Appellants, et al., Defendants. [23 NYS3d 682]—

Rose, J. Appeal from an order of the Supreme Court (Ellis, J.), entered September 3, 2014 in Franklin County, which, among other things, partially denied a motion by defendants The Point at Saranac Lake, Inc., The Garrett Hotel Group, Inc. and John H. Graham for summary judgment dismissing the complaint against them.

Plaintiff and her late husband, Thomas Taylor (hereinafter decedent), were guests at The Point at Saranac Lake (hereinafter the resort), an all-inclusive, luxury resort owned and operated by defendants The Point at Saranac Lake, Inc. and The Garrett Hotel Group, Inc. Prior to plaintiff and decedent's arrival, the couple coordinated with the resort management staff to plan and schedule a snowmobile tour during their stay. To that end, the resort staff sought out the services of defendant Gary L. Bishop, who owned Adirondack Snowmobile Rental and employed defendant Robert G. Pinsdorf as a tour guide (hereinafter collectively referred to as ASR). Upon their arrival, plaintiff and decedent made final arrangements for the tour with defendant John H. Graham, the general manager of

the resort, who provided the couple with one of the resort's vehicles to drive to the off-property location where the tour was to begin. Once there, the couple received safety instructions and then set off behind Pinsdorf, with decedent operating a snowmobile and plaintiff riding as a passenger. During the tour, Pinsdorf crossed a public roadway that intersected the trail, but failed to wait for plaintiff and decedent to make a safe crossing. When the couple attempted to cross the road, their snowmobile was struck by an oncoming vehicle, killing decedent and causing plaintiff to sustain serious injuries.

Thereafter, plaintiff, individually and as coexecutor of decedent's estate, commenced this action to recover damages for her injuries and decedent's wrongful death. Graham, The Point and The Garrett joined issue and moved for summary judgment dismissing the complaint against them. Supreme Court granted the motion dismissing the complaint against Graham, but denied the motion in all respects as to The Point and The Garrett. The Point and The Garrett (hereinafter collectively referred to as defendants) now appeal.

Defendants first argue that Supreme Court erred in denying their motion for summary judgment, as hoteliers are not absolute insurers of the safety of their guests and, generally, owe no duty of care to guests who are injured while under the supervision of an unaffiliated entity away from hotel property (*see Darby v Compagnie Natl. Air France*, 96 NY2d 343, 348-349 [2001]; *Barber v Princess Hotels Intl.*, 134 AD2d 312, 313 [1987]; *Dorkin v American Express Co.*, 43 AD2d 877, 877 [1974]). We note, however, that plaintiff does not base her claims upon a direct breach of a duty owed to her or to decedent by defendants or their employees. Rather, she asserts that defendants are vicariously liable for ASR's negligence because of the alleged existence of an ostensible agency relationship between them. Indeed, "[i]t is fundamental to the principal/agent relationship that [a principal] is liable to a third person for the wrongful or negligent acts . . . of its agent when made within the general or apparent scope of the agent's authority" (*Bicounty Brokerage Corp. v Burlington Ins. Co.*, 88 AD3d 833, 835 [2011] [internal quotation marks and citations omitted]; *see Rovinsky v Hispanidad Holidays*, 180 AD2d 673, 674 [1992]; *Soltis v State of New York*, 172 AD2d 919, 919-920 [1991]). To establish a negligence claim based upon an apparent agency theory, a plaintiff must show evidence of "words or conduct of the principal . . . communicated to a third party, which give rise to a reasonable belief and appearance that the agent possesses authority to [act on the principal's behalf]" (*Edinburg*

*Volunteer Fire Co., Inc. v Danko Emergency Equip. Co.*, 55 AD3d 1108, 1110 [2008]; *see Hallock v State of New York*, 64 NY2d 224, 231 [1984]).

Here, the evidence includes a screenshot of the resort's website that can be read to suggest that snowmobiling is a service provided by defendants' agents or employees, as it is listed among the winter activities available on the premises. Further, Bishop testified that Graham directed him to not discuss money with the guests and to bill the resort for the cost of the tour because "he wanted the customers to feel like this was something that they were contracting with [the resort] directly to do." Indeed, plaintiff stated that she and decedent only dealt with the resort staff in organizing the tour and had never heard of ASR prior to the tour's commencement. Viewing this evidence in a light most favorable to plaintiff as the nonmoving party, we find that Supreme Court properly denied the portion of defendants' motion seeking dismissal of plaintiff's negligence claim based upon the doctrine of apparent agency. In our view, defendants' promotional materials, together with the testimony regarding the overall experience that defendants and their staff strive to provide for guests of the resort, create a question of fact as to whether plaintiff could have reasonably believed that ASR possessed the authority to conduct the snowmobile tour as defendants' agent (*see Fogel v Hertz Intl.*, 141 AD2d 375, 376 [1988]; *compare Dorkin v American Express Co.*, 43 AD2d at 877).

However, we must agree with defendants that Supreme Court should have awarded them summary judgment dismissing plaintiff's negligent hiring claim. " 'To establish a cause of action based on negligent hiring, negligent retention, or negligent supervision, it must be shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury' " (*Stevens v Kellar*, 112 AD3d 1206, 1209 [2013], quoting *Shor v Touch-N-Go Farms, Inc.*, 89 AD3d 830, 831 [2011]). Here, even if ASR could be considered to have been hired by defendants, there is evidence of only one other snowmobile accident involving ASR, and it occurred 11 years prior to the accident at issue. Furthermore, that prior accident—which was nonfatal—occurred under unrelated circumstances and not under the supervision of Bishop or Pinsdorf. Accordingly, there is insufficient evidence in this record to raise a question of fact as to whether ASR had a propensity for conducting snowmobile tours in a negligent manner (*see Shor v Touch-N-Go Farms, Inc.*, 89 AD3d at 831-832).

Peters, P.J., Garry, Egan Jr. and Devine, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied that part of the motion by defendants The Point at Saranac Lake, Inc. and The Garrett Hotel Group, Inc. for summary judgment dismissing the negligent hiring cause of action against them; motion granted to that extent and said cause of action dismissed against said defendants; and, as so modified, affirmed.