Stern v Starwood Hotels & Resorts Worldwide, Inc. (2017 NY Slip Op 02882)





Stern v Starwood Hotels & Resorts Worldwide, Inc.


2017 NY Slip Op 02882


Decided on April 13, 2017


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 13, 2017

Friedman, J.P., Richter, Mazzarelli, Feinman, Gische, JJ.


3690 108672/11

[*1]Gloria Stern, Plaintiff-Respondent,
v
Starwood Hotels and Resorts Worldwide, Inc., Defendant-Appellant.


Mauro Lilling Naparty, LLP, Woodbury (Gregory A. Cascino of counsel), for appellant.
Alexander J. Wulwick, New York, for respondent.



Order, Supreme Court, New York County (Richard F. Braun, J.), entered on or about October 6, 2016, which, to the extent appealed from as limited by the briefs, denied as premature defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff alleges that she suffered injuries when she tripped over a defective walkway at the Four Points by Sheraton Ann Arbor Hotel in Michigan, which was owned by ZLC Inc., a Michigan corporation unrelated to defendant Starwood Hotels and Resorts Worldwide, Inc. (Starwood) (see Stern v Four Points by Sheraton Ann Arbor Hotel, 133 AD3d 514 [1st Dept 2015]). ZLC operated the hotel using the "Four Points by Sheraton" name pursuant to a license agreement with nonparty The Sheraton Corporation, which is identified in that agreement as "an indirect, wholly-owned subsidiary" of Starwood.
In support of its motion for summary judgment, Starwood demonstrated that it did not own or control the hotel, and that, under the terms of the license agreement with Sheraton, ZLC was an independent contractor and was responsible for the day-to-day operations of the hotel. Under these circumstances, even if Starwood were a party to the license (or franchise) agreement, the mere existence of a franchise relationship would not provide a basis for the imposition of vicarious liability against Starwood for the negligence of the franchisee, ZLC (see Martinez v Higher Powered Pizza, Inc., 43 AD3d 670 [1st Dept 2007]; Schoenwandt v Jamfro Corp., 261 AD2d 117 [1st Dept 1999]).
However, in opposition, plaintiff submitted evidence that Starwood's reservations website holds the hotel out to the public as a Starwood property, and that plaintiff relied on the representations on Starwood's website in choosing to book a room at the hotel. This evidence of public representations and reliance may support a finding of apparent or ostensible agency, which may serve as a basis for imposing vicarious liability
against Starwood (Fogel v Hertz Intl., 141 AD2d 375 [1st Dept 1988]; see also Taylor v Point at Saranac Lake, Inc., 135 AD3d 1147, 1148-1149 [3d Dept 2016]; Friedler v Palyompis, 12 AD3d 637, 638 [2d Dept 2004]). Although the license agreement required ZLC to disclose that it was an "independent legal entity operating under license" from Sheraton and to place "notices of independent ownership" on the premises, Starwood did not provide any evidence that ZLC complied with those requirements.
Accordingly, the motion court properly found that the motion for summary judgment was premature, since plaintiff is entitled to discovery of matter exclusively within Starwood's control [*2]concerning issues relating to its possible agency relationship with the hotel, including its reservations system and advertising (CPLR 3212[f]; see Ross v Stuart Intl., 275 AD2d 650, 651 [1st Dept 2000]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 13, 2017
CLERK