Evans v Norecaj (2019 NY Slip Op 04029)





Evans v Norecaj


2019 NY Slip Op 04029


Decided on May 23, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2019

Richter, J.P., Manzanet-Daniels, Kahn, Gesmer, Oing, JJ.


9018 301983/13 83873/14

[*1]Freddie Evans, Plaintiff-Respondent,
v
Robert Norecaj, Defendant, Mark Gjurashaj, Defendant-Respondent, Dolphin Restaurant Bar Lounge, et al., Defendants-Appellants.
Dolphin Restaurant Bar Lounge, et al., Third-Party Plaintiffs-Appellants,
v
APV Valet Parking Corp., Third-Party Defendant-Respondent, Robert Norecaj, Defendant.


Burke, Conway & Dillon, White Plains (Jayne F. Monahan of counsel), for appellants.
The Altman Law Firm, PLLC, Woodmere (Michael T. Altman of counsel), for Freddie Evans, respondent.
Mead, Hecht, Conklin & Gallagher, LLP, White Plains (Sara Luca Salvi of counsel), for Mark Gjurashaj, respondent.
Lester Schwab Katz & Dwyer, LLP, New York (Paul M. Tarr of counsel), for APV Valet Parking Corp., respondent.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about March 29, 2018, which, to the extent appealed from, denied the motion of defendants Dolphin Restaurant Bar Lounge and WSH Group 1 LLC (collectively Dolphin) for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Dolphin failed to demonstrate a prima facie entitlement to judgment as a matter of law. The parties' deposition testimony raised material issues of fact as to whether, and to what extent, Dolphin can be held liable for the negligence, if any, of its valet parking service, third-party defendant APV Valet Parking Corporation (APV).
A restaurant providing valet parking services can be held liable for the negligence of the service whose attendants are alleged to have caused an accident to a third party. This is the case even where the service is an independent contractor with which the restaurant has contracted (see Spadaro v Parking Sys. Plus, Inc., 113 AD3d 833 [2d Dept 2014]; see also Berger v Rokeach, 58 Misc 3d 827 [Sup Ct, Kings County 2017] [supermarket had duty to exercise reasonable care to have taken reasonable measures to control the foreseeable conduct of parties on the property with [*2]whom they contracted, i.e., the parking attendants, to prevent them from either intentionally harming or creating an unreasonable risk of harm to others]).
This duty arises when there is an ability and opportunity to control the conduct of the restaurant's contractors and an awareness of the need to do so. Thus, Dolphin cannot assert that it signed a contract with the valet parking service and then "covered its eyes with a blindfold"; rather, Dolphin was required to select a company "with, at the minimum, both appropriate insurance and competent drivers" (Berger v Rokeach, 58 Misc 3d at 842). Defendant restaurant was able to decline to enter into any contract for valet services it felt insufficient, and therefore in the best position to protect against the risk of harm.
Dolphin similarly failed to demonstrate that it did not create an unreasonable risk of harm to others or that APV entirely displaced its duty to maintain the valet parking area safely (see Espinal v Melville Snow Contrs., Inc., 98 NY2d 136, 140 [2002]). Indeed, the evidence showed, inter alia, that the restaurant and the valet service communicated on a daily basis to determine proper staffing. The restaurant, further, obtained parking spots for the valet service to utilize on its behalf. The restaurant informed the valet service in advance of functions so that staffing could be arranged. The parties' agreement similarly provided that service was provided "as requested" by the restaurant, and that it was the restaurant's obligation to provide the schedule for each week.
Dolphin may also be liable under the doctrine of ostensible agency or apparent authority and thus estopped from denying liability for an entity it held out as its agent (see Berger v Rokeach, 58 Misc 3d at 847-848; see e.g. Stern v Starwood Hotels & Resorts Worldwide, Inc., 149 AD3d 496, 497 [1st Dept 2017] [hotel was not entitled to summary judgment where the plaintiff was injured when she tripped on a defective walkway owned by a franchisee independent contractor responsible for the hotel's day-to-day operations; the evidence showed that the defendant hotel's reservations website holds out the hotel to the public as a Starwood property, and that the plaintiff relied on the representations on the website in choosing to book a room at the hotel]; Taylor v Point at Saranac Lake, Inc., 135 AD3d 1147 [3d Dept 2016] [resort was not entitled to summary judgment when guest was killed on a snowmobile tour arranged by the resort with an independent contractor; resort's website could be read to suggest that snowmobiling was a service provided by the defendant's agents and employees, as it was listed as an activity available on the premises, and the plaintiff dealt with the resort staff in organizing the tour and never heard of the independent contract prior to the tour]). Notably, plaintiff described the valet who hit him as wearing a "Dolphin uniform."
We decline to consider APV's argument concerning the denial of its motion for summary judgment, as it failed to file a notice of appeal challenging that portion of the underlying order (see Hecht v City of New York, 60 NY2d 57 [1983]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 23, 2019
CLERK