Diagnostic Imaging of Rockville Ctr., PC v Kemper Independence Ins. Co. (2021 NY
Slip Op 50238(U))

[*1]

Diagnostic Imaging of Rockville Ctr., PC v Kemper Independence Ins.
Co.

2021 NY Slip Op 50238(U) [71 Misc 3d 128(A)]

Decided on March 18, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 18, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, J.P., ELIZABETH H. EMERSON, HELEN
VOUTSINAS, JJ

2020-832 S C

Diagnostic Imaging of Rockville Centre,
PC, as Assignee of Griselda Posada, Respondent, 
against
Kemper Independence Insurance Company, Appellant.

Goldberg, Miller & Rubin (Eli Shmulik of counsel), for appellant.
Law Office of Gabriel & Moroff, LLC, for respondent (no brief filed).

Appeal from an order of the District Court of Suffolk County, Third District (C. Stephen
Hackeling, J.), dated July 8, 2020. The order denied defendant's motion for summary judgment
dismissing the complaint.

ORDERED that the order is reversed, without costs, and defendant's motion for summary
judgment dismissing the complaint is granted.
Plaintiff commenced this action in the District Court of Suffolk County on July 11, 2018 to
recover assigned first-party no-fault benefits for services that had been provided to its assignor,
who was allegedly injured in a motor vehicle accident on November 17, 2017. The complaint
stated that the claim number was C067157NY17. Defendant served an answer and, thereafter,
commenced a declaratory judgment action in the Supreme Court, New York County, against the
present provider, among others, and the provider's assignor. By order and judgment entered on
December 10, 2019, the Supreme Court granted, on default, a motion by the insurer herein for a
default judgment against, among others, the present provider and its assignor, and ordered,
adjudged and declared that the insurer has no duty to pay any no-fault benefits to the provider
and its assignor arising out of "the November 17, 2017 collision referenced in the complaint (also
known as claim number C067157NY17)." Relying upon the Supreme Court's order and
judgment, defendant moved in the District Court for summary judgment dismissing the
complaint. Plaintiff opposed, and, by order dated July 8, 2020, the District Court denied
defendant's motion.
Contrary to the determination of the District Court, plaintiff's action is barred under the
doctrine of res judicata, as the declaratory order and judgment of the Supreme Court is a [*2]conclusive final determination, notwithstanding that it was entered
on default, since res judicata applies to a judgment taken by default which has not been vacated
(see Lazides v P & G Enters.,
58 AD3d 607 [2009]; Matter of
Allstate Ins. Co. v Williams, 29 AD3d 688 [2006]; Matter of Eagle Ins Co. v
Facey, 272 AD2d 399 [2000]; EBM
Med. Health Care, P.C. v Republic W. Ins., 38 Misc 3d 1 [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2012]). In light of the Supreme Court's order and judgment, the District
Court should have granted defendant's motion, as any judgment in favor of plaintiff in the present
action would destroy or impair rights or interests established by the order and judgment in the
declaratory judgment action (see Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY
304, 306-307 [1929]).
Accordingly, the order is reversed and defendant's motion for summary judgment dismissing
the complaint is granted.
GARGUILO, J.P., EMERSON and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 18, 2021