State Farm Indem. Co. v Parking Sys. Valet Serv. (2021 NY Slip Op
50239(U))

[*1]

State Farm Indem. Co. v Parking Sys. Valet Serv.

2021 NY Slip Op 50239(U) [71 Misc 3d 128(A)]

Decided on March 19, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 19, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-172 Q C

State Farm Indemnity Co., as Subrogee of
Yvonne Severini, Respondent, 
against
Parking Systems Valet Service and Cusimano Russo Funeral Home,
Appellants. 

Stephen David Fink, Esq., for appellant.
Serpe, Andree & Kaufman (Jonathan H. Kaufman of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Queens County
(Maureen A. Healy, J.), entered October 31, 2018. The judgment, after a nonjury trial, awarded
plaintiff the principal sum of $4,621.12 as against both defendants.

ORDERED that the judgment is modified by vacating the award against defendant Cusimano
Russo Funeral Home and by providing that so much of the complaint as is against that defendant
is dismissed; as so modified, the judgment is affirmed, without costs.
In this subrogation action, plaintiff seeks to recover insurance benefits it paid to its subrogor,
Yvonne Severini, for damage to Severini's car. Pursuant to a prior order of the Civil Court,
plaintiff was granted summary judgment on the issue of liability as against defendant Parking
Systems Valet Service (Parking Systems). 
At a nonjury trial, it was undisputed that, upon her arrival at defendant Cusimano Russo
Funeral Home (funeral home), Severini had given her car keys to a valet parking attendant who
was employed by defendant Parking Systems, and that, when she went to retrieve her car, she had
observed the valet drive the car twice into a fence, causing damage to her vehicle. Defendants'
witness testified that, pursuant to a verbal agreement, upon request and for "a cost," defendant
Parking Systems had provided valet parking attendants to work at defendant funeral home during
funerals. Defendants' witness also testified that the parking attendants were unsupervised.
Following the trial, the Civil Court rendered a verbal decision on the record and awarded
damages against both defendants in the principal sum of $4,621.12. On appeal, defendants
challenge the judgment based on the court's alleged noncompliance with CPLR 4213 (b).
Defendant funeral home also contends that the evidence was insufficient to support a judgment
[*2]against it.
CPLR 4213 (b) permits oral decisions. While the Civil Court failed to comply with the rule's
requirement that the court state the facts it deems essential in its decision, this court has the
power to conduct an independent review of the evidence so as to make the requisite findings of
fact, its power being as broad as that of the trial court, and to render the judgment it finds
warranted by the facts (see Meghji v
Loughlin, 186 AD3d 1675, 1676 [2020]; Matter of Miller v Hinckley, 176 AD3d 944, 946 [2019]; Berde v North Shore-Long Is. Jewish
Health Sys., Inc., 162 AD3d 624, 625 [2018]).
Severini's entrustment of her car keys to the parking attendant created a bailment (see
Chubb & Son v Edelweiss, Inc., 258 AD2d 345 [1999]; Chait v Town Hall, LLC, 32 Misc 3d
131[A], 2011 NY Slip Op 51326[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]),
and the return of the car to Severini in a damaged condition was the basis for the Civil Court's
prior determination that defendant Parking Systems was liable. However, on appeal, defendant
funeral home claims that there was no evidence to support a finding of negligence against it.
Where valet parking is provided to an entity by an independent contractor, the entity
contracting for the valet parking service cannot entirely displace its obligation to avoid an
unreasonable risk of harm (see Evans v
Norecaj, 172 AD3d 576, 577-578 [2019]; see also Berger v Rokeach, 58 Misc 3d 827, 842 [Sup Ct, Kings
County 2017]; cf. Spadaro v Parking
Sys. Plus, Inc., 113 AD3d 833, 836 [2014]). However, even assuming that the evidence
was sufficient to establish that defendant funeral home breached a duty it owed to its customers
by, among other things, failing to ensure that the drivers defendant Parking System provided
were competent (see Evans v Norecaj, 172 AD3d at 577-578), to recover from that
defendant based upon a theory of negligence, plaintiff was obligated to demonstrate that the
funeral home's negligence was a proximate cause of the damage to its subrogor's car (see Levi v Nardone, 178 AD3d
692, 693 [2019]), which it failed to do.
While defendant Parking Systems, as bailee, was negligent for the damage to the car, there
was no evidence either that defendant funeral home, by act or deed, represented that defendant
Parking Systems was its agent, or that Severini believed, or relied upon the belief, that the
Parking Systems employee was an agent of defendant funeral home when she turned her car keys
over to the Parking Systems employee. Plaintiff's argument that defendant funeral home was
vicariously liable under a theory of respondeat superior depended upon a finding that defendant
funeral home had acted as the apparent or ostensible agent of defendant Parking Systems (see Weiszberger v KCM Therapy, 189
AD3d 1121 [2020]; see also Taylor
v Point at Saranac Lake, Inc., 135 AD3d 1147, 1148 [2016]; Begley v City of New York, 111 AD3d
5, 30 [2013]), which plaintiff failed to establish at trial. Thus, there was no basis to extend
defendant Parking System's liability, as a bailee, to defendant funeral home.
Accordingly, the judgment is modified by vacating the award against defendant Cusimano
Russo Funeral Home and by providing that so much of the complaint as is against that defendant
is dismissed.
WESTON, J.P., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 19, 2021