Manning v Budget Rent A Car (2025 NY Slip Op 04644)

Manning v Budget Rent A Car

2025 NY Slip Op 04644

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2023-03561
 (Index No. 61814/22)

[*1]Valerie Manning, et al., respondents,
v
Budget Rent A Car, appellant, et al., defendant.

Reardon & Sclafani, P.C., Tarrytown, NY (Michael V. Sclafani and Vincent M. Sclafani of counsel), for appellant.
Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Budget Rent A Car appeals from an order of the Supreme Court, Westchester County (Hal B. Greenwald, J.), dated March 8, 2023. The order denied the motion of the defendant Budget Rent A Car for summary judgment dismissing the complaint insofar as asserted against it and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction.
ORDERED that the order is affirmed, with costs.
The plaintiffs commenced this action against the defendants, Budget Rent A Car (hereinafter Budget) and Gerard Long, to recover damages for personal injuries resulting from a motor vehicle accident. The plaintiffs allegedly were injured on October 2, 2021, in Clarendon, Jamaica, West Indies, while passengers in a vehicle driven by Long when the vehicle developed mechanical difficulties, causing Long to lose control of the vehicle. The vehicle allegedly was owned by Tropic Island Trading Company Limited (hereinafter Tropic). In December 2018, Tropic and Budget had entered into an International Unit Franchise Agreement, which was in effect at the time of the accident.
Before conducting discovery, Budget moved for summary judgment dismissing the complaint insofar as asserted against it on the ground, inter alia, that it could not be held vicariously liable as the franchisor of Tropic, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction. In an order dated March 8, 2023, the Supreme Court denied the motion. Budget appeals.
"The ultimate burden of proving a basis for personal jurisdiction rests with the party asserting jurisdiction" (Qudsi v Larios, 173 AD3d 920, 921). However, "[w]hile the ultimate burden of proof rests with the party asserting jurisdiction . . . the plaintiff[s], in opposition to a motion to dismiss pursuant to CPLR 3211(a)(8), need only make a prima facie showing that the defendant[s] w[ere] subject to the personal jurisdiction of the Supreme Court" (Abad v Lorenzo, 163 AD3d 903, 904 [internal quotation marks omitted]). "Where, as here, a party opposes a CPLR 3211(a)(8) [*2]motion to dismiss on the ground that discovery on the issue of personal jurisdiction is necessary, the party need only demonstrate that facts may exist whereby to defeat the motion" (Qudsi v Larios, 173 AD3d at 921 [internal quotation marks omitted]).
"Under modern jurisprudence, a court may assert general all-purpose jurisdiction or specific conduct-linked jurisdiction over a particular defendant" (Qudsi v Larios, 173 AD3d at 922). A court is authorized to exercise general jurisdiction over a foreign corporation when the corporation's affiliations with the state "'are so continuous and systematic as to render them essentially at home in the forum State'" (Aybar v Aybar, 169 AD3d 137, 144 [internal quotation marks omitted], quoting Goodyear Dunlop Tires Operations, S.A. v Brown, 564 US 915, 919; see International Shoe Co. v Washington, 326 US 310, 317). "[S]tanding alone, mere in-state business . . . does not suffice to permit the assertion of general jurisdiction over claims . . . that are unrelated to any activity occurring in [the forum State]" (Aybar v Aybar, 169 AD3d at 144 [internal quotation marks omitted]). "To determine whether a foreign corporate defendant's affiliations with the state are so continuous and systematic as to render it essentially at home . . . 'the general jurisdiction inquiry does not focus solely on the magnitude of the defendant's in-state contacts,' but 'instead calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide'" (Aybar v Aybar, 169 AD3d at 144, quoting Daimler AG v Bauman, 571 US 117, 139 n 20).
Here, in support of its motion, Budget submitted an affidavit of Jeanne Motosko, the Regional Insurance Risk Manager for Avis Budget Car Rental, LLC, "affiliated with and parent of" Budget. Motosko averred that Budget is a Delaware corporation with its principal place of business in New Jersey. Motosko further averred that Budget is registered to do business in the State of New York, and that it "maintains rental locations in the State of New York, rental locations in the other 49 states where it is registered to do business, and has international franchises countrywide and worldwide." Given these facts, the plaintiffs' mere assertion in opposition that Budget maintains rental locations in New York, standing alone, failed to indicate how further discovery might lead to evidence showing that general personal jurisdiction in New York exists over Budget (see Aybar v Aybar, 169 AD3d at 145-146).
As to specific jurisdiction, New York's long-arm statute, CPLR 302, provides, in relevant part, that New York courts may exercise personal jurisdiction over any nondomiciliary who "transacts any business within the state or contracts anywhere to supply goods or services in the state" (id. § 302[a][1]). "In order to determine whether personal jurisdiction exists under CPLR 302(a)(1), the court must determine (1) whether the defendant purposefully availed itself of the privilege of conducting activities within the forum State by either transacting business in New York or contracting to supply goods or services in New York, and (2) whether the claim arose from that business transaction or from the contract to supply good[s] or services" (Qudsi v Larios, 173 AD3d at 922-923 [citations and internal quotation marks omitted]). "To satisfy the second prong, the statute requires an 'articulable nexus' or 'substantial relationship' between the cause of action sued upon, or an element thereof, and the defendants' business transactions in New York" (Aybar v US Tires & Wheels of Queens, LLC, 211 AD3d 40, 48, quoting D & R Global Selections, S.L. v Bodega Olegario Falcon Pineiro, 29 NY3d 292, 298). This inquiry is "'relatively permissive, and does not require causation'" (id. at 49, quoting Skutnik v Messina, 178 AD3d 744, 745).
Here, Budget's submissions, including Motosko's affidavit, established that Budget purposefully availed itself of the privilege of conducting activities within New York, thus satisfying the first prong. However, upon the record before this Court, there are questions of fact as to whether there is an "articulable nexus" or "substantial relationship" between the plaintiffs' claim and Budget's transactions within New York. Accordingly, the Supreme Court properly denied that branch of Budget's motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction, in effect, as premature (see Qudsi v Larios, 173 AD3d at 923).
The Supreme Court correctly denied that branch of Budget's motion which was for summary judgment dismissing the complaint insofar as asserted against it on the ground that it cannot be held vicariously liable for Tropic's negligence. "Absent proof of a principal/agency [*3]relationship or proof that a franchisor exercised a high degree of control over its franchisee, there is no basis for holding a franchisor responsible for its franchisee's misconduct" (Friedler v Palyompis, 12 AD3d 637, 638). Here, Budget's submissions failed to eliminate triable issues of fact as to whether a principal/agency relationship existed between Budget and Tropic or whether Budget exercised the requisite amount of control over Tropic's operations (see Stern v Starwood Hotels & Resorts Worldwide, Inc., 149 AD3d 496, 497; Fogel v Hertz Intl., 141 AD2d 375, 376-377).
The plaintiffs' remaining contentions are either improperly raised for the first time on appeal or without merit.
DILLON, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court